UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICROBILT CORPORATION,<br><br>              Plaintiff,<br><br>v.<br><br>BAIL INTEGRITY SOLUTIONS, INC. and THOMAS BRIAN SHIRAH in his individual capacity; ABC COMPANIES (1-10), JOHN and JANE DOES (1-10),<br><br>              Defendants. | CIVIL ACTION NO.<br>3:19-CV-00637 (MAS)(LHG) |

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

---

 

**STARK & STARK**
A Professional Corporation
993 Lenox Drive
Bldg. Two
Lawrenceville, NJ 08648-2389
Ph: 609-895-7346

**OF COUNSEL AND ON THE BRIEF:**

Craig S. Hilliard, Esq.

4843-8912-8660, v. 1

# **TABLE OF CONTENTS**

**Page**

Table of Authorities ................................................................................................. ii

Preliminary Statement ................................................................................................1

Statement of Undisputed Material Facts ...................................................................2

Legal Argument .........................................................................................................4

    I.    Plaintiff's Claim For Fraudulent Inducement Must Be Dismissed With Prejudice ................................................................................................4

        A.    Rule 56 Standard ........................................................................4

        B.    Plaintiff's Fraudulent Inducement Claim Must Be Dismissed .................6

Conclusion .................................................................................................................8

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                 **Page**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................................ 5

*Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358 (3d Cir. 1992) ........................... 5

*Bracco Diagnostic, Inc. v. Bergen Brunswig Drug Co.*, 226 F.Supp.2d 557 (D.N.J. 2002) ...... 6

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ..................................................................... 4

*Dean v. Barrett Homes, Inc.*, 204 N.J. 286 (2010) ...................................................................... 6

*Jewish Center of Sussex Cty. v. Whale*, 86 N.J. 619 (1981) ........................................................ 7

*Maidenbaum v. Bally's Park Place, Inc.*, 870 F. Supp. 1254 (D.N.J. 1994) ............................... 5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) .................................. 5

*Pearson v. Component Tech. Corp.*, 247 F.3d 471 (3d Cir. 2001) .............................................. 4

*Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297 (2002) ................................................................. 6

*Skypala v. Mortgage Elec. Registration Sys. Inc.*, 655 F.Supp.2d 451 (D.N.J. 2009) ................ 6

*Trico Equip., Inc. v. Manor, No. 08-5561* (RBK/KMW), 2011 U.S. Dist. LEXIS 17936 (D.N.J. Feb. 22, 2011) ................................................................................................................ 6

**Rules**

Fed. R. Civ. P. 56 ...................................................................................................................1, 4

Fed. R. Civ. P. 56(c) ...............................................................................................................4, 5

Rule 12(b)(6) ........................................................................................................................... 2, 3

Rule 30(b)(6) ............................................................................................................................... 8

4843-8912-8660, v. 1

**PRELIMINARY STATEMENT**

Plaintiff, Microbilt Corporation ("Microbilt"), filed this action against Bail Integrity Solutions, Inc. ("Bail Integrity"), a bail bonding company and its CEO, Thomas Brian Shirah ("Shirah"), alleging that they breached an agreement which authorized the use of consumer cell phone data acquired by Microbilt from cellular carriers. The entire Complaint rests on one flimsy allegation that defendants engaged in wrongful conduct because a reporter from a digital media publication known as "Motherboard" supposedly secured information from an unnamed "bounty hunter" who in turn supposedly said that a bail bonding company used Microbilt's Mobile Device Verification Service to geolocate – or "ping", in the vernacular -- someone's cellular phone. The sole allegation in the Complaint connecting Bail Integrity to the revelations in this industry publication is the statement in paragraph 22 that the unnamed "bounty hunter" was "affiliated with Bail Integrity". Yet, the Motherboard article itself nowhere mentions Bail Integrity. Nor is the identity of the "bounty hunter" revealed. Not surprisingly, after many months of discovery, the so-called "bounty hunter" is still unidentified, and so the connection between this one sale of a $300 "ping" and Bail Integrity remains as mysterious as it was when the lawsuit was filed.

At the outset of this case, defendants moved to dismiss all four counts of the Complaint under Fed.R.Civ.P. 12(b)(6). The Complaint alleged four distinct causes of action: 1) breach of contract against both Bail Integrity and Shirah (First Cause of Action); 2) breach of the duty of good faith and fair dealing against both Bail Integrity and Shirah (Second Cause of Action); 3) fraudulent inducement (Third Cause of Action) against both Bail Integrity and Shirah; and 4) a federal statutory trade secrets claim under the Defend Trade Secrets Act against both defendants (Fourth Cause of Action). In a Memorandum Opinion issued November 25, 2019 (Dkt. #22),

this Court granted that motion in part. The Court dismissed the first two contract-based claims against Shirah and dismissed the Defend Trade Secrets Act claim against both defendants. Accordingly, discovery proceeded with only two basic sets of claims: 1) the contract-based claims against Bail Integrity; and 2) the fraudulent inducement claim against both Bail Integrity and Shirah. Importantly, this Court recognized that the economic loss doctrine would ordinarily bar the fraud claim because of the existence of contract-based remedies for breach, but concluded that because Microbilt's fraud claim was one for fraudulent *inducement* (i.e. the claim alleged only that the defendants intended not to honor the contract *at the time it was entered into),* the claim survived dismissal under Rule 12(b)(6). Now that discovery has concluded, there is simply no evidence that either defendant intended to defraud Microbilt at the outset of the relationship. Accordingly, Microbilt's effort to turn a contract case into something that it is not, and its effort to spin tort claims out of the alleged failure to abide by a contract should be rejected and summary judgment granted on the fraud claim against both defendants.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Microbilt is a "consumer reporting agency" and "reseller" of consumer credit information. *See* Complaint, para. 5. In 2018, Microbilt began offering a new service to its business customers known as the "Mobile Device Verification Service", or MDVS. *See* Complaint, para. 9. The MDVS permitted approved business customers of Microbilt to "geolocate" a person's cell phone, with the person's consent. *See* Complaint, paras. 11-12. This "geolocate" feature of the MDVS product could be used for purposes approved by Microbilt, such as ID verification on an application for credit or other services offered by Microbilt's customers. *See* Complaint, para. 13.

4843-8912-8660, v. 1

In or around the Summer of 2018, a Microbilt sales representative, Matthew Roesly, approached Bail Integrity, a potential customer of the MDVS product. *See* Declaration of Craig S. Hilliard ("Hilliard Dec."), Exhibit E, at 28-29, 41-44. During this sales effort in the Summer of 2018, Roesly interacted primarily with three people at Bail Integrity: a) the company's CEO, defendant Brian Shirah; b) the company's Operations Director, Michael Woody; and c) the company's Human Resources Director, Joshua Norvell. Hilliard Dec. Exhibit E, at 41-44; Exhibit F, at 14; Exhibit G, at 11-13.

In July 2018, Bail Integrity executed three documents which Microbilt alleges forms the "contract" at issue in this lawsuit: a) a "Letter of Intent"; b) an "Application for Access"; and c) a "User Agreement". *See* Complaint, paras. 15-21; Hilliard Dec. Exhibit H, I, J. After these documents were executed, Bail Integrity began using the MDVS product.

It was not until several months after these contract documents were signed, in January 2019, that an article published in "Vice/Motherboard" magazine alerted Microbilt to a possible misuse of its MDVS product. *See* Complaint, paras. 22-25. The misuse was an alleged sale of a single "ping" for $300 by a "bounty hunter" to a reporter which was used to geolocate a cell phone. *Id.* The Motherboard article itself did not mention "Bail Integrity" or that the "bounty hunter" was affiliated with Bail Integrity. Nevertheless, other information in Microbilt's possession caused it to conduct an investigation of Bail Integrity's use of the MDVS product.

Microbilt's investigation discovered that on or about December 13-14, 2018, someone gained access to the MDVS product through Bail Integrity's account. *See* Hilliard Dec. Exhibit D, at 87-93; Exhibit K. This user was identified by the logon IDs nckid87@gmail.com and nckid99@gmail.com. *See* Hilliard Dec. Exhibit K. No evidence exists in the record as to the identity of the person who owns either of these email addresses.

4843-8912-8660, v. 1

Just as no evidence exists to identify who gained access to Bail Integrity's account, no evidence exists in the record of the identity of the "bounty hunter" listed in the Motherboard article. *See also* Hilliard Dec. Exhibit D, at 28-30.

No evidence exists in the record that Shirah was involved in any way in the unauthorized single sale of a "ping" in December 2018. *See also* Hilliard Dec. Exhibit D, at 16-20, 23-26; Exhibit E, at 58-60, 91-97; Exhibit F, at 99-105; Exhibit G, at 50-51, 99-100. Importantly, with respect to the fraudulent inducement claim at issue on this motion, *no evidence exists in the record that Bail Integrity or Shirah intended to use the MDVS product for any unauthorized purposes when the contract documents were signed in July 2018*. *See also* Hilliard Dec. Exhibit D, at 16-20.

## LEGAL ARGUMENT

### I. PLAINTIFF'S CLAIM FOR FRAUDULENT INDUCEMENT MUST BE DISMISSED WITH PREJUDICE

#### A. Rule 56 Standard

A court will grant a motion for summary judgment if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *accord* Fed. R. Civ. P. 56(c). Thus, this Court will enter summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a

verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *Id.* In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. *Id.*; *Maidenbaum v. Bally's Park Place, Inc.*, 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Anderson*, 477 U.S. at 256-57. Indeed, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322.

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the finder of fact. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

### B. Plaintiff's Fraudulent Inducement Claim Must Be Dismissed

Microbilt's fraud claim must be dismissed because it is not supported by any evidence in the record. It bears emphasis that Microbilt's fraud claim is one for fraudulent *inducement,* because any other fraud claim arising out of the performance of the contract would run headlong into the prohibitions of the "economic loss" rule. That rule exists to limit the ability of a plaintiff to claim fraud in an ordinary contract case. The non-performance of contract terms is a breach of contract, but even if the breach is "intentional", that does not mean that the breach is also a fraud. Thus, the "economic loss" rule exists "to establish the boundary line between contract and tort remedies." *Dean v. Barrett Homes, Inc.*, 204 N.J. 286, 295 (2010). The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract." *Bracco Diagnostic, Inc. v. Bergen Brunswig Drug Co.*, 226 F.Supp.2d 557, 562 (D.N.J. 2002) (citation omitted). Put differently, "whether a tort claim can be asserted" depends on whether "the tortious conduct is extrinsic to the contract between the parties." *Trico Equip., Inc. v. Manor*, No. 08-5561 (RBK/KMW), 2011 U.S. Dist. LEXIS 17936, at *3 (D.N.J. Feb. 22, 2011) (citing *State Capital Title & Abstract Co. v. Bus. Servs., LLC et al.*, 646 F.Supp.2d 668, 676 (D.N.J. 2009)).

Therefore, "a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law." *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 280 (2002); *see also Stewart Title Guar. Co. v. Greenlands Realty LLC* 58 F. Supp.2d 370, 386 (D.N.J. 1999)(same). Critically, the "mere failure to fulfill obligations encompassed by the parties' contract, including the implied duty of good faith and fair dealing, is not actionable in tort." *Skypala v. Mortgage Elec. Registration Sys. Inc.*, 655 F.Supp.2d 451, 459 (D.N.J. 2009).

4843-8912-8660, v. 1

Clearly recognizing these limitations, Microbilt was careful in its Complaint not to allege any post-contract fraud, but instead couched its allegations in the language of fraudulent inducement. In paragraph 40 of the Complaint, Microbilt alleges that Bail Integrity "*entered into* the [contract documents] *with the intention of* using Microbilt's [MDVS product] for purposes other than those specified in" the contract documents. (emphasis added). In paragraph 41, Microbilt alleges that defendants "fraudulently concealed from and/or intentionally failed to disclose to Microbilt" the true nature of their intentions.

This fraudulent inducement claim – like any other fraud claim – requires Microbilt to prove the elements of a fraud claim under New Jersey law. A claim of fraud under New Jersey law consists of five elements: (1) a material representation by defendant of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intent that the plaintiff rely upon it; (4) reasonable reliance by the plaintiff, and (5) resulting damage to the plaintiff. *Jewish Center of Sussex Cty. v. Whale*, 86 N.J. 619, 624-25 (1981).

As the record summarized above demonstrates, there is no evidence that Shirah or anyone else directing the actions of Bail Integrity fraudulently induced Microbilt to give them access to the MDVS platform for the purpose of engaging in unlawful activity. At best for Microbilt, the evidence may demonstrate that Bail Integrity failed to honor the July 2018 contract documents by permitting the single misuse of its MDVS account in December 2018. But this is a far cry from fraud. It is a far cry from proof that Bail Integrity intended – from the moment it entered into the contract documents in July 2018 – to use the MDVS platform for unlawful and improper purposes; indeed, to set up a scheme to sell "pings" for a profit. The mere fact that Microbilt can show only one sale of a single "ping" for $300 speaks volumes about its fraud theory. It is implausible that any company or its principal would set about

engaging in a scheme to misuse a software platform only once, for a paltry $300 gain. As Michael Woody (who is now Bail Integrity's competitor) put it in his deposition, he does not believe for a minute that Shirah would direct such an effort because that would be the actions of a "dummy". Hilliard Dec. Exhibit F, at 99-105. Not surprisingly, every witness who was deposed – including Microbilt's CEO, who served as its Rule 30(b)(6) designee on the subject of support for the fraud claim -- testified that there was no evidence that Shirah was involved in the single sale of the "ping" in December 2018, or that he and his company intended to defraud Microbilt at the outset of the relationship. *See also* Hilliard Dec. Exhibit D, at 16-20, 23-26; Exhibit E, at 58-60, 91-97; Exhibit F, at 99-105; Exhibit G, at 50-51, 99-100. For these reasons, the Court should dismiss the fraud claim. To conclude otherwise, and permit Microbilt to proceed to trial on this unsupported fraud claim, would give any party license to transform a garden variety breach of contract case into a fraud case.

## CONCLUSION

For the foregoing reasons, Defendants Bail Integrity Solutions, Inc. and Thomas Brian Shirah respectfully request that this Court grant their motion and dismiss with prejudice the Third Cause of Action in the Complaint.

Dated: December 14, 2020

By: *s/ Craig S. Hilliard*
CRAIG S. HILLIARD
GENE MARKIN
**STARK & STARK, P.C.**
993 Lenox Drive
Lawrenceville, NJ 08648
(609) 895-7346

*Attorneys for Defendants Bail Integrity Solutions, Inc. and Thomas Brian Shirah*

8