EXHIBIT B

**Exhibit "B"**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICROBILT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BAIL INTEGRITY SOLUTIONS, INC. and THOMAS BRIAN SHIRAH in his individual capacity; ABC COMPANIES (1-10), JOHN and JANE DOES (1-10),<br><br>Defendants. | CIVIL ACTION NO.: 3:19-cv-00637 |

## PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANTS' FIRST INTERROGATORIES

Plaintiff MicroBilt Corporation ("MicroBilt"), by and through its undersigned counsel, serves its Objections and Answers to Defendants' First Set of Interrogatories, served by Defendants Bail Integrity Solutions, Inc. ("Bail Integrity") and Thomas Brian Shirah ("Shirah" and collectively with Bail Integrity, "Defendants").

## GENERAL OBJECTIONS

MicroBilt asserts the following General Objections, which apply to each and every Interrogatory contained in Defendants' First Set of Interrogatories as if incorporated and set out in full in each response:

1. MicroBilt objects to the Interrogatories to the extent that they impose burdens or obligations different from or in excess of those permitted under the Federal Rules of Civil Procedure or the Local Rules of the District of New Jersey. These Responses are provided in accordance with applicable rules and law only.

2. MicroBilt objects to the Interrogatories to the extent that they seek information that is exempt from discovery or protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, immunity, or protection.

3. MicroBilt objects to the Interrogatories to the extent that they seek information outside of its possession, custody, or control or information that already is in the possession, custody, or control of the Defendants.

4. MicroBilt objects to the Interrogatories to the extent they are overbroad, unduly burdensome, and not proportional to the needs of the case.

5. Further discovery, independent investigation, or other analysis may lead to the discovery of additional information, which may lead to additions or changes to the Responses set forth herein.

6. MicroBilt's Responses are provided without waiver of, or prejudice to, any right at any later time to raise objections to: (a) relevance, materiality, or admissibility of any part of the Responses in this or in any other litigation or proceeding; or (b) any further demand for discovery involving or relating to matters raised in the Interrogatories.

## ANSWERS TO SPECIFIC INTERROGATORIES

**REQUEST NO. 1:** Identify all persons with any knowledge of the facts alleged in paragraph 15 of the Complaint.

**ANSWER:** Subject to and without waiving the foregoing general objections, MicroBilt identifies the following individuals:

| Name | Contact Information | Subject(s) of Discoverable Information |
|---|---|---|
| **Matt Roesly** | To be contacted through Plaintiff's counsel | Plaintiff's New Business Account Manager; Knowledge regarding the sale of Mobile Device Verification product and services to Bail Integrity |
| **Melissa Dennis** | To be contacted through Plaintiff's counsel | Plaintiff's Director of Compliance and Customer |

| | | |
|---|---|---|
| | | Accounts; Knowledge regarding customer onboarding, compliance, and audits. |
| **Walt Wojciechowski** | To be contacted through Plaintiff's Counsel | Plaintiff's Chief Executive Officer; Knowledge regarding all areas of company business, customers, products and services, and financials. |
| **Michael Woody** | Unknown | Bail Integrity's former COO; According to Bail Integrity, Mr. Woody is one of the individuals responsible for Bail Integrity's relationship with MicroBilt |
| **Josh Norvell** | Unknown | Bail Integrity's Former HR Director; According to Bail Integrity, Mr. Norvell is one of the individuals responsible for Bail Integrity's relationship with MicroBilt |
| **Thomas Brian Shirah** | To be contacted through Defendants' Counsel | Bail Integrity's CEO and Owner; Knowledge regarding all areas of company business, customers, products, services, and financials |

Plaintiff reserves the right to amend this answer as further information is obtained through discovery.

**REQUEST NO. 2:** Identify all persons with any knowledge of the facts alleged in paragraph 18 of the Complaint.

**ANSWER:** Subject to and without waiving the foregoing general objections, MicroBilt refers to the individuals identified in response to Request No. 1.

**REQUEST NO. 3:** Identify all persons with any knowledge of the facts alleged in paragraph 21 of the Complaint.

**ANSWER:** Subject to and without waiving the foregoing general objections, MicroBilt refers to the individuals identified in response to Request No. 1.

**REQUEST NO. 4:** Identify all persons with any knowledge of the facts alleged in paragraph 22 of the Complaint.

**ANSWER:** Subject to and without waiving the foregoing general objections, MicroBilt identifies the following individuals:

Joseph Cox – Vice / Motherboard Reporter

Lorenzo Franceschi-Bicchierai - Vice / Motherboard Reporter

VICE / Motherboard Reporters / Editors

Bounty Hunter – Currently unknown

Thomas Brian Shirah

Bail Integrity Officers / Employees

**REQUEST NO. 5:** Identify all persons with any knowledge of the facts alleged in paragraph 25 of the Complaint.

**ANSWER:** Subject to and without waiving the foregoing general objections, MicroBilt refers to the individuals identified in response to Request No. 4, and MicroBilt identifies the following additional individuals:

Matt Roesly

Melissa Dennis

Keith Goodnight – MicroBilt SVP, Product Management & Development

Paul Page – MicroBilt SVP & Chief Information Security Officer

Walt Wojciechowski

**REQUEST NO. 6:** Identify all persons with any knowledge of the facts alleged in paragraphs 40-41 of the Complaint.

**ANSWER:** Subject to and without waiving the foregoing general objections, MicroBilt refers to the individuals identified in response to Request No. 1.

**REQUEST NO. 7:** Identify all persons with any knowledge of the facts supporting MicroBilt's claims for damages in this lawsuit, including the type and calculation of any such damages.

**ANSWER:** Subject to and without waiving the foregoing general objections, MicroBilt identifies the following individuals:

4

| Walt Wojciechowski | To be contacted through Plaintiff's Counsel | Plaintiff's Chief Executive Officer |
|---|---|---|
| **Expert Accountant/Economist** | To be contacted through Plaintiff's Counsel | Potential TBD |

**REQUEST NO. 8:** Identify and describe in detail all steps, if any, taken by MicroBilt to investigate the facts alleged in paragraphs 22-25 of the Complaint before it was filed.

**ANSWER:** MicroBilt objects to Request No. 8 to the extent that it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Such information will not be produced. Subject to and without waiving the foregoing general and specific objections, MicroBilt refers to the document discovery provided in response to Defendants' Request for Production of Documents.

**REQUEST NO. 9:** Identify the "bounty hunter" described in paragraph 22 of the Complaint. If You cannot identify this person, please describe all steps you took in any effort to identify this person.

**ANSWER:** Subject to and without waiving the foregoing general objections, MicroBilt states that it cannot definitively identify the individual who is the bounty hunter described in the *Vice/Motherboard* Article. This individual is known by Joseph Cox and other Vice / Motherboard employees, and was provided the geolocation data at issue by or is an employee or representative of Bail Integrity and as such, Bail Integrity, through its officers, employees or agents, should be aware of this individual's identity.

**REQUEST NO. 10:** Identify and describe all communications You had with Vice/Motherboard or anyone You associated with Vice/Motherboard, including Joseph Cox, relating to the allegations of the Complaint.

**ANSWER:** Subject to and without waiving the foregoing general objections, MicroBilt refers to the communications between MicroBilt and Vice/Motherboard in the document discovery provided in response to Defendants' Request for Production of Documents.

**REQUEST NO. 11:** Identify and describe in full detail all facts supporting Your allegation that Thomas Brian Shirah engaged in, had knowledge of, or directed or participated in any way in, the actual disclosure of any information to the unnamed "bounty hunter" as alleged in paragraphs 22-25 of the Complaint.

5

**ANSWER:** Subject to and without waiving the foregoing general objections, MicroBilt directs your attention to the facts in support its allegations in paragraph 22-25 of the Complaint. In addition, depositions of Bail Integrity officers / employees, and MicroBilt officers / employees named in response to earlier interrogatories will supplement the Answer to this Request.

**REQUEST NO. 12:** Identify and describe in full detail all facts supporting Your allegation that Thomas Brian Shirah engaged in, had knowledge of, or directed or participated in any way in, the improper or unlawful conduct alleged in the Third Cause of Action of the Complaint.

**ANSWER:** Subject to and without waiving the foregoing general objections, MicroBilt states that the following facts support its allegations that Shirah engaged in, had knowledge of, or directed or participated in the conduct alleged in the Third Cause of Action:

Mr. Shirah received, negotiated, signed (in various places), and transmitted to MicroBilt, the agreement for services with MicroBilt and other contractual documents attached to the Complaint between Bail Integrity and MicroBilt;

Mr. Shirah was aware that Bail Integrity would not comply with the terms of the agreement for services with MicroBilt and never informed MicroBilt of such;

Mr. Shirah ordered and used the services of MicroBilt pursuant to the agreement and contractual documents he received, negotiated, signed and transmitted back to MicroBilt;

Mr. Shirah paid for the services ordered from MicroBilt via a credit card issued in his name and at his home address.

Mr. Shirah is the owner of Bail Integrity and responsible for the acts of its agents.

**REQUEST NO. 13:** Identify and describe all communications You had with Bail Bond Technologies or anyone You associated with Bail Bond Technologies, including but not limited to Chris Gilliland, relating to the allegations of the Complaint.

**ANSWER:** Subject to and without waiving the foregoing general objections, MicroBilt refers to the communications between MicroBilt and Bail Bond Technologies in the document discovery provided in response to Defendants' Request for Production of Documents.

**REQUEST NO. 14:** Identify and describe all facts supporting the allegation of paragraph 22 of the Complaint that the bounty hunter described in that paragraph was "affiliated with Bail Integrity" Solutions, Inc.

**ANSWER:** Subject to and without waiving the foregoing general objections, MicroBilt states that the following facts support its allegations that the bounty hunter is affiliated with Bail Integrity: Bail Integrity provided the information to the bounty hunter that the bounty hunter provided to VICE / Motherboard. The bounty hunter thus had some affiliation with Bail Integrity and was an agent of Bail Integrity.

14971139v1

## CERTIFICATION

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment. I further certify, warrant and represent that I have the full and complete authority to execute this document on behalf of Plaintiff and to bind Plaintiff to the answers to these interrogatories.

**MICROBILT CORPORATION**

WALTER Wosciechowski
NAME

CEO
TITLE/POSITION

5-13-2020
DATE

*Walter R. Wojciechowski, CEO*
SIGNATURE

8

14971139v1

## **CERTIFICATE OF SERVICE**

I hereby certify that, this 15th day of May 2020, I caused the foregoing to be served on counsel of record by electronic mail as follows:

Craig S. Hilliard
**STARK & STARK**
993 Lenox Drive
Bldg. Two
Lawrenceville, NJ 08648-2389
(609) 895-7346
chilliard@stark-stark.com

This 15th day of May 2020.

*/s/ Jeffrey S. Jacobovitz*
Jeffrey S. Jacobovitz