E

X

H

I

B

I

T

C

**Exhibit "C"**

**STARK & STARK**
A Professional Corporation
By: Craig S. Hilliard, Esq.
Attorney ID #046541988
993 Lenox Drive
Lawrenceville, NJ 08648-2389
Ph:  (609) 895-7346
Fax:  (609) 895-7395
chilliard@stark-stark.com
*Attorneys for Defendants, Bail Integrity Solutions, Inc. and Thomas Brian Shirah*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICROBILT CORPORATION,<br><br>     Plaintiff,<br><br>v.<br><br>BAIL INTEGRITY SOLUTIONS, INC. and THOMAS BRIAN SHIRAH in his individual capacity; ABC COMPANIES (1-10), JOHN and JANE DOES (1-10),<br><br>     Defendants. | CIVIL ACTION NO.<br>3:19-CV-00637 (MAS)(LHG)<br><br><br>**REVISED NOTICE TO TAKE ORAL DEPOSITION OF MICROBILT CORPORATION UNDER FED.R.CIV.P. 30(b)(6)** |

TO: Jeffrey S. Jacobovitz, Esq.
   **ARNALL GOLDEN GREGORY LLP**
   1775 Pennsylvania Ave. NW, Ste. 1000
   Washington, D.C. 20006

   **PLEASE TAKE NOTICE** that in accordance with Rule 30(b)(6) of the Federal Rules of

Civil Procedure, testimony will be taken by deposition upon oral examination before a person

authorized to administer oaths on September 4, 2020, at 9:30 a.m., via Zoom virtual

videoconference of plaintiff, **Microbilt Corporation ("Microbilt")**. Microbilt is requested to

designate one or more persons to testify as to all facts known to it relating to the matters

described in the attached Exhibit "A." To the extent that Microbilt designates more than one

person to testify on its behalf with respect to the matters listed in Exhibit "A," it shall set forth

prior to the deposition, for each person designated, the matters on which the person will testify.

The deposition will continue from day to day until completed.

STARK & STARK
A Professional Corporation


BY:   /s/ *Craig S. Hilliard*
         CRAIG S. HILLIARD, ESQ.

Dated:  August 26, 2020

2

## EXHIBIT A

### I.      DEFINITIONS

Whenever the following words or phrases are used in these requests, they shall be deemed to mean the following:

1.      The terms "Action" or "Complaint" refers to *Microbilt Corporation v. Bail Integrity Solutions, Inc. et al*, United States District Court, District of New Jersey, Civil Action No. 3:19-cv-00637 (MAS) (LHG).

2.      The term "Microbilt" means Microbilt Corpoation and any subsidiaries or corporate affiliates, successors, assigns and each of its officers, directors, shareholders, employees, representatives, and agents.

3.      The words "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive. Similarly, the past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive. And, the singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

4.      The term "Bail Integrity" means Bail Integrity Solutions, Inc. and any subsidiaries or corporate affiliates, successors, assigns and each of its officers, directors, shareholders, employees, representatives, and agents.

5.      The term " communication" or "communications" means any oral, written or electronic transmission of information, opinion, belief, idea or statement including, but not limited to, information stored in cell phones, personal computers (laptops and/or desk tops) or portable electronic storage devices (e.g. zip drives, cruzers, portable USB drives, CD' s, floppy disks, portable external hard drives), letters or correspondence, electronic mail, personal conversations, meetings, discussions, telephone conversations, telegrams, telecopies, telexes, seminars, conferences, messages, notes or memoranda.

6.      The terms "document" or "documents" are defined to have the same meaning and be equal in scope to the usage of these terms in Federal Rule of Civil Procedure 34(a), as well as "writings" defined by Rule 1001(1) of the Federal Rules of Evidence, and shall include, without limitation, electronic or computerized data complications (such as e-mail), whether or not printed or displayed, and any preliminary versions, drafts or revisions thereof. A draft or non-identical copy is a separate document within the meaning of this term. Documents include, by way of example only, any memorandum, letter, envelope, correspondence, written communication, electronic mail, report, note, Post-It, message, telephone message, telephone log, diary, journal, appointment calendar, desk calendar, pocket calendar, Palm Pilot calendar or other similar handheld device or personal organizer, group schedule calendar, drawing, painting, accounting paper, minutes, working paper, financial report, accounting report, work papers, drafts, facsimile, report, contract, invoice, record or

3

purchase or sale, chart, graph, index, directory, computer directory, computer disk, computer tape, or any other written, printed, typed, taped, filmed or graphic matter however produced or reproduced. Documents also include the file, folder tabs and labels appending to or containing any documents, as well as any metadata applicable to any documents.

7.      The terms "each," "any," and "every" shall mean each and every and any and all.

8.      The term "including" and "includes" means including but not limited to.

9.      The term "individual" shall have the same meaning as the term "person."

10.      The term " person" means, without limitation, any individual or natural person, corporation, partnership, limited partnership, joint venture, trade association, organization, governmental entity or agent, firm, association, proprietorship, or any other type of business or legal entity and any subsidiary or division.

11.      The terms "You" , "Your" and/or "Plaintiff" shall mean MicroBilt Corporation, its employees, agents, servants, attorneys, consultants, experts, accountants, other professionals, partners, members, managers, managing partner(s) and all other persons or entities acting on its behalf.

4

II.     **TOPICS FOR DEPOSITION**

1.     Any investigation conducted by Microbilt, whether prior to or after the filing of the Complaint, relating to the facts alleged in the Complaint, including but not limited to: 1) communications with Bail Bond Technologies and The Sabre Solution; and 2) the text message produced in discovery as MB 882.

2.     Microbilt's business structure and services platform, including the types of customers of its Mobile Device Verification Software (MDVS) platform.

3.     The development, use and enforcement of the "policies and procedures designed to safeguard consumer data from unauthorized use or resale" as alleged in paragraph 7 of the Complaint.

4.     The "credentialing process" employed by Microbilt as alleged in paragraph 7 and elsewhere in the Complaint.

5.     The development and capabilities of Microbilt's MDVS platform.

6.     Any issues Microbilt has encountered with misuse or unauthorized use of its MDVS platform.

7.     The development and use of the form of "User Agreement" identified in paragraph 15 of the Complaint.

8.     The development and use of the form of "Addendum" to the User Agreement identified in paragraph 15 of the Complaint.

9.     The development and use of the form of "Access Application" identified in paragraph 18 of the Complaint.

10.     The development and use of the form of "Letter of Intent" identified in paragraph 21 of the Complaint.

11.     Bail Integrity's application for approval as an authorized user of the MDVS platform.

12.     The credentialing process undertaken by Microbilt to qualify Bail Integrity as an authorized user of the MDVS platform.

13.     The factual basis for Microbilt's claims of breach of contract in the Complaint.

14.     The factual basis for Microbilt's claims of fraud in the Complaint.

15.     Any communications between Microbilt and Joseph Cox or anyone employed by or associated with Vice/Motherboard.

5

16.    The identity of the "bounty hunter" alleged in paragraph 22 of the Complaint.

17.    The factual basis for Microbilt's allegation in paragraph 22 of the Complaint that the bounty hunter was "affiliated with Bail Integrity".

18.    The factual basis for Microbilt's claims for damages against defendants, including the categories of damages and the calculation of those damages.

19.    The factual basis for Microbilt's allegations in paragraph 26 of the Complaint.

20.    Microbilt's knowledge of any governmental investigations between January 2015 and the present day into the use of location-based consumer information in the wireless telecommunications industry.

21.    The letter to Microbilt produced at MB 77-80 and Microbilt's response to that letter.

22.    The subpoena to Microbilt produced at MB 199-210 and Microbilt's response to that subpoena.

23.    Microbilt's contract or other relationship with Bail Bond Technologies.

24.    Microbilt's contract or other relationship with Zumigo.

25.    Any communications between Microbilt and Zumigo relating to the use of location-based consumer information in the wireless telecommunications industry.

26.    Any communications between Microbilt and AT&T relating to the use of location-based consumer information in the wireless telecommunications industry.

27.    Any communications between Microbilt and T-Mobile relating to the use of location-based consumer information in the wireless telecommunications industry.

4831-6201-4921, v. 1