

Jeffrey S. Jacobovitz
1775 Pennsylvania Avenue NW
Suite 1000
Washington, D.C. 20006
Direct Phone: 202.677.4056
Email: Jeffrey.Jacobovitz@AGG.com

January 7, 2021

**<u>VIA CM/ECF Filing</u>**

The Honorable Lois H. Goodman
Magistrate Judge
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

   Re: *MicroBilt Corporation v. Bail Integrity Solutions, Inc. and Thomas Brian Shirah*, Civil Action No. 3:19-cv-00637

Dear Magistrate Judge Goodman:

  Defendants Bail Integrity Solutions, Inc. and Thomas Brian Shirah (collectively, "Defendants") filed a Motion for Partial Summary Judgment on December 14, 2020 and publicly attached as exhibits, clearly marked confidential documents in support of the motion (which, it should be noted, also included Defendants' own personally identifiable information therein). Defendants' conduct is in violation of the Court's prior Order granting MicroBilt's motion to seal exhibits, and in violation of the Court's Protective Order in this case. Defendants did not request undersigned counsel, Mr. Jacobovitz, to file the confidential exhibits publicly, and did not move to seal the confidential exhibits. The undersigned counsel, Mr. Jacobovitz, immediately notified counsel for Defendants, Craig Hilliard that he needed to move to seal those confidential exhibits. Mr. Hilliard ignored Mr. Jacobovitz's email and did not respond over a 24-hour period. Out of abundance of caution, MicroBilt immediately moved to seal the exhibits.

  Mr. Hilliard had initially indicated that Defendants consented to the relief sought. However, when Mr. Hilliard was then informed that MicroBilt intended to move for fees and costs, Defendants withdrew their consent. MicroBilt hereby files this Reply to correct the inaccuracies stated in Defendants' Opposition.

  Mr. Hilliard was clearly notified prior to the filing of the request that MicroBilt intended to move for attorneys' fees and costs. There was no deception by counsel as the emails attached to Mr. Hilliard's letter indicate. The only objection that Mr. Hilliard raised

16049389v1



The Honorable Lois H. Goodman
January 7, 2021
Page 2

to the Motion was to the request for fees and costs and he then indicated that he did not consent to the filing of the motion.

MicroBilt has not waived the confidentiality of the exhibits as a result of the deposition of witnesses. Both witnesses, Joshua Norvell and Michael Woody signed the Protective Order prior to their depositions. (*See* Exhs. A and B) In addition, they were working at Defendant Bail Integrity at the time the confidential documents were originally conveyed to Bail Integrity and the testimony about the documents related, in part, to verifying Mr. Shirah's signature. Mr. Shirah had testified that someone had forged his signature 5 times, despite other testimony contradicting that suspect testimony.

Par. 4e of the Protective Order allows a witness to be shown a confidential document at a deposition. This does not waive any confidentiality pursuant to the Protective Order. Moreover, there is no requirement under the Protective Order that a party needs to move to seal the transcript of a deposition to ensure that any documents previously designated confidential shall remain confidential.

Further, despite the statements made in Mr. Hilliard's sworn Declaration to the Motion, the exhibits Defendants publicly filed were *not* "attached as an exhibit to the Complaint…" Rather, MicroBilt specifically stated in the Complaint that "All Exhibits will be filed under seal due to their confidential nature." Consequently, MicroBilt filed its motion to seal exhibits, which Order was granted by this Court. In that filing, MicroBilt submitted a detailed affidavit from its CEO and President, Walt Wojciechowski detailing the confidentiality and sensitivity of the documents requested to be placed under seal. (*See* Exh. C).

Based on the above, and the reasons previously raised in MicroBilt's Motion to Seal, MicroBilt requests that this Court seal the exhibits attached to Defendants' summary judgment motion, and award MicroBilt costs and fees.

Sincerely,

ARNALL GOLDEN GREGORY LLP

Jeffrey S. Jacobovitz, Esq.

cc: Craig Hilliard, Esq.
Gene M. Burd, Esq.

16049389v1