**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICROBILT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BAIL INTEGRITY SOLUTIONS, INC., *et al.*,<br><br>Defendants. | Civil Action No. 19-637 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff MicroBilt Corporation's ("MicroBilt") Motion for Default Judgment and Motion to Strike Answer. (ECF Nos. 69, 71.) Defendants Bail Integrity Solutions, Inc. ("Bail Integrity") and Thomas Brian Shirah ("Shirah") (collectively, "Defendants") did not respond. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons set forth below, the Court grants MicroBilt's Motions.

**I.   BACKGROUND**

Having twice addressed this matter on a motion to dismiss and subsequent motion for summary judgment, the Court hereby incorporates by reference the background sections detailed in its prior Memorandum Opinions. *See MicroBilt Corp. v. Bail Integrity Sols., Inc.*, No. 19-637, 2019 WL 6310202, at *1-2 (D.N.J. Nov. 25, 2019), ECF No. 22 ("*MicroBilt I*"); *MicroBilt Corp. v. Bail Integrity Sols., Inc.*, No. 19-637, 2021 WL 3207851, at *1-2 (D.N.J. July 29, 2021), ECF

No. 52 ("*MicroBilt II*"). The Court therefore focuses its background discussion on the procedural history of this suit to address the instant Motions.

MicroBilt sued Defendants in January 2019 on four counts sounding in (i) breach of contract (Count One), (ii) breach of good faith and fair dealing (Count Two), (iii) fraudulent misrepresentation (Count Three), and (iv) misappropriation of trade secrets (Count Four). (*See generally* Compl., ECF No. 1.) As early as April 2019, three months after MicroBilt initiated this suit, it expressed concerns that Defendants were dilatory in retaining counsel and otherwise defending against the litigation. (*See* Apr. 1, 2019 Correspondence 3 ("Defendants had over 60 days to retain counsel in a timely manner so as to proceed appropriately with their defense. They elected not to do so, through no fault of MicroBilt."), ECF No. 16.) Eventually, Defendants got organized as to finding legal representation to put on a defense and, in November 2019, on their motion, the Court dismissed Counts One and Two as to Shirah and dismissed Count Four as to all Defendants. *MicroBilt I*, 2019 WL 6310202, at *5-6. Almost two years later, in July 2021, the Court denied Defendants' motion for summary judgment on Count Three. *MicroBilt II*, 2021 WL 3207851, at *4-7. From there, the progression of this litigation came to a grinding halt.

It started with a request by Defendants' counsel to withdraw from this litigation in September 2021, as Defendants failed to pay their attorney from Stark & Stark, PC for his services. (*See* Craig Hilliard Decl. ¶¶ 7-11, ECF No. 60-1.) Indeed, defense counsel represented to the Court that Defendants stopped communicating with him altogether. (*See* Craig Hilliard Decl. ¶ 11.) MicroBilt did not oppose defense counsel's motion to withdraw but rather expressed concerns that Defendants would continue obstructing the matter's progression and cause further delays. (Pl.'s Sept. 15, 2021 Correspondence 1, ECF No. 61.) A month later, the Honorable Lois H. Goodman, U.S.M.J., granted defense counsel's motion to withdraw and allowed Defendants until November

30, 2021, to retain new counsel. (ECF Nos. 64, 66.) In that order, Judge Goodman indicated that while Shirah should be prepared to proceed pro se if he fails to obtain new counsel, Bail Integrity (a corporate entity) needed counsel to proceed. (Oct. 27, 2021 Order 2, ECF No. 66.) Judge Goodman further warned Bail Integrity that failure to retain counsel would allow MicroBilt to file for relief with the Court. (*Id.*)

Without fail, the November 2021 deadline came and went. Neither Shirah nor Bail Integrity retained new counsel. Bail Integrity also did not ask the Court for additional time to find a new lawyer or provide any explanation as to why it flouted the Court's deadline. So, with the implied permission from Judge Goodman to "seek appropriate relief without further leave from the Court" (*id.*), MicroBilt requested that the Clerk of the Court enter default against Bail Integrity for violating the Court's order (ECF No. 68). That request was granted, and MicroBilt subsequently filed the instant Motions requesting that the Court strike Bail Integrity's Answer and enter default judgment against it. (ECF Nos. 69, 71.)

The story did not end there, however, as the parties continued holding settlement conferences with Judge Goodman. (*E.g.*, ECF Nos. 74, 77.) To date, eight months elapsed since the Court ordered Bail Integrity to retain new counsel. Yet the matter remains at a standstill because corporations are unable to proceed pro se. In addition, for good measure, Bail Integrity also failed to respond to MicroBilt's instant Motions.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the default judgment process.[1] First, a litigant is required to obtain an entry of default under Rule 55(a). *See* Fed. R. Civ. P. 55(a), 55(b)(2). Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has

---

[1] Hereafter, references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

3

failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The U.S. Court of Appeals for the Third Circuit instructs that the "or otherwise defend" clause in Rule 55(a) "is broader than the mere failure to plead." *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917 (3d Cir. 1992). Thus, a default may be imposed because a party has "fail[ed] to comply with [the Court's] unambiguous orders to obtain substitute counsel, file a pretrial memorandum, and respond to the plaintiffs' discovery requests." *Id.* at 918. Flagrant disregard of court orders and dilatory tactics to stall litigation may constitute a failure to "otherwise defend" against the action for which an entry of default is appropriate. *See Bibbs v. Sec. Atl. Mortg. Co.*, No. 10-0346, 2012 WL 3113975, at *3 (E.D. Pa. Aug. 1, 2012) ("Although [the defendant] answered plaintiff's complaint, its failure to participate in this action in any meaningful way since the withdrawal of [counsel] renders appropriate an entry of default as against it.").

Next, after a party obtains default, Rule 55(b) allows courts to enter a judgment by default on motion of that party. Fed. R. Civ. P. 55(b). Parties are not entitled to default judgment as of right; rather, the decision whether to enter default judgment is "largely within a district court's discretion." *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015). The Third Circuit identified three relevant factors that district courts must consider in evaluating whether to enter default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Id.* (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)). In entering default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017); *see also Comdyne I, Inc. v. Corbin*, 908 F.2d 1142,

1149 (3d Cir. 1990) (after a party defaults, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (internal quotations and citation omitted)).

Relatedly, myriad other Rules, like Rule 16(f)(1), allow the Court to "issue any just orders," such as if a party "fails to obey a scheduling or other pretrial order." *See* Fed. R. Civ. P. 16(f)(1).

### III. <u>DISCUSSION</u>

To start, under Rule 55(a), the Clerk of the Court entered default against Bail Integrity in December 2021. (*See* ECF Nos. 66, 68.) So, the Court must first evaluate whether default was appropriate. This is particularly true where, as is the case here, Bail Integrity filed an Answer in this suit long ago. But Bail Integrity has been without legal counsel since October 2021.[2] This is a problem because Bail Integrity may not proceed pro se as a corporation in federal court. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Simbraw, Inc. v. United States*, 367 F.2d 373, 373 (3d Cir. 1966) ("[A] corporation [must], to litigate its rights in a court of law, employ an attorney at law to appear for it and represent it in the court." (per curiam)). Further, Judge Goodman informed Bail Integrity of this legal requirement months ago. (*E.g.*, Oct. 27, 2021 Order 2 ("[I]f Defendant Shirah does not have counsel submit an appearance . . . he shall be prepared to proceed pro se . . . [and] if Defendant Bail Integrity . . . does not have counsel enter an appearance . . . [MicroBilt] may seek appropriate relief without further leave from the Court.").) Yet eight months and several warnings

---

[2] The Court notes that Judge Goodman's decision to allow Defendants' former counsel to withdraw was proper even though it rendered Bail Integrity unable to proceed with this suit. *See Buschmeier v. G&G Invs., Inc.*, 222 F. App'x 160, 163 (3d Cir. 2007) (explaining that a court may allow a corporation's counsel to withdraw even if doing so would leave the corporation pro se).

later, Bail Integrity remains without legal counsel, effectively bringing this litigation to a stop three years into the fray.

The question turns to what happens next. "Courts in this District have long held that the failure of a corporation or LLC to be represented by counsel . . . is an appropriate basis for the entry of default judgment against the entity." *Price Home Grp., LLC v. Ritz-Craft Corp. of Pa.*, No. 16-668, 2017 WL 5191807, at *3 (D.N.J. Nov. 8, 2017) (citing, among others, *Carolee, LLC v. eFashion Sols., LLC*, No. 12-2630, 2013 WL 3336789, at *1 (D.N.J. July 2, 2013)). After all, the case is nearly complete: discovery is finished and summary judgment decided, with only trial remaining. MicroBilt therefore requested default in December 2021, which the Clerk entered. *See Mendelsohn, Drucker, & Assocs., P.C. v. Titan Atlas Mfg., Inc.*, No. 12-0453, 2013 WL 1842124, at *5 (E.D. Pa. May 2, 2013) ("Because a corporation cannot represent itself pro se in federal court, a corporate defendant's failure to retain counsel after being ordered to do so is a failure to 'otherwise defend' under Rule 55 that justifies a default." (internal citations omitted)). Considering that Bail Integrity violated the Court's order to retain counsel and knew the consequences of its conduct, the Court finds that default was appropriately entered.

Next, the Court must determine whether it should enter default judgment.[3] In doing so, it reviews the relevant factors. *Allaham*, 635 F. App'x at 36. *First*, the Court examines the prejudice MicroBilt will endure absent default judgment. Unequivocally, the prejudice is great. MicroBilt advanced its suit against Defendants over a three-year period, bearing the costs of motion practice,

---

[3] The basic requirements of service and jurisdiction are satisfied here. MicroBilt served Bail Integrity with its Complaint in January 2019 (ECF No. 7) and a copy of its default judgment motion in December 2021 (ECF No. 69-3). The Court has subject matter jurisdiction over MicroBilt's claims under diversity jurisdiction, with an amount in controversy exceeding $75,000. (Compl. ¶ 1 (citing 28 U.S.C. § 1332).) Further, the Court already found personal jurisdiction over Bail Integrity in this matter several years ago over the company's objection. *See MicroBilt I*, 2019 WL 6310202, at *4-5.

discovery, and miscellaneous filings. (*E.g.*, ECF No. 19 (MicroBilt's opposition brief to Defendants' motion to dismiss), ECF No. 43 (MicroBilt's opposition brief to Defendants' summary judgment motion).) But as of October 2021, Bail Integrity effectively derailed the case. Worse yet, Bail Integrity did not indicate that it is actively trying to obtain new counsel. Given the length of the delay, it appears that MicroBilt's only pathway to resolution is through default judgment.

*Second*, MicroBilt's Complaint survived motions to dismiss and for summary judgment, defeating any concerns that its claims are meritless. What's more, any litigable defense in Bail Integrity's quiver should have been raised in its summary judgment motion. Yet it moved for summary judgment only as to Count Three, which the Court denied after finding that the fraudulent misrepresentation claim was not barred by the economic loss doctrine and subject to a genuine dispute of material fact. *MicroBilt II*, 2021 WL 3207851, at *6. The Court's own review of the pleadings and subsequent filings does not unearth any obvious defense Bail Integrity can assert, either. Rather, Bail Integrity's Answer "consists of simple denials" and barebone "legal defenses, without further elaboration or reference to the specific facts." *Price Home Grp.*, 2017 WL 5191807, at *4. That is, Bail Integrity's remaining chance to prevail in this suit is to dispute MicroBilt's factual allegations at trial. The presence of a factual dispute does not weigh against the Court entering default judgment in this case.

*Third*, Bail Integrity is directly responsible for the delay in this matter. Notwithstanding Judge Goodman's repeated warnings, Bail Integrity continues to defy the Court's order. (*E.g.*, Oct. 27, 2021 Order.) Considering these warnings, Bail Integrity's inaction "can only be deemed willful and intentional." *Price Home Grp.*, 2017 WL 5191807, at *4. Bail Integrity offers no reason why, almost a year later, new counsel has not appeared on its behalf. It bears noting that Defendants are

7

directly responsible for their former counsel withdrawing—they failed to pay their attorney's fees for several months and refused to communicate with their lawyer starting in April 2021. (Decl. Craig Hilliard ¶¶ 7-11.) And Defendants flashed warning signs of their dilatoriness from the origin of this suit, requesting multiple extensions to file their Answer because they needed to retain counsel. (ECF No. 15.) At bottom, there is no justification for this delay.[4]

Finding default judgment warranted, the issue turns to remedies. As an initial matter, the Court will strike Bail Integrity's Answer.[5] (*See* Answer; *Price Home Grp.*, 2017 WL 5191807, at *4.) Next, MicroBilt requested that "this Court enter a default judgment against Bail Integrity in an amount to be submitted to the Court or at a hearing on this matter," seeking "compensatory damages, attorneys' fees and costs incurred in bringing this litigation." (Pl.'s Default Mot. 6, ECF No. 69-1.) The Court accordingly enters default judgment against Bail Integrity on Counts One, Two, and Three. MicroBilt may submit supplemental briefing as to damages for the Court's review. In doing so, MicroBilt should detail, with specificity, the precise damages it seeks and provide supporting evidence. If necessary, the Court will subsequently hold a hearing on the issue of damages.

---

[4] The Court also provided Shirah with pro bono counsel in March 2022 to assist in reaching a settlement. (ECF No. 72.) That counsel has since moved to be relieved, as the parties are at a "temporary impasse." (ECF No. 78.)

[5] In December 2019, Bail Integrity and Shirah submitted a joint Answer to the Complaint. (*See* Answer, ECF No. 25.) The Court strikes the Answer only as to Bail Integrity but leaves it otherwise untouched as to Shirah. *See Price Home Grp.*, 2017 WL 5191807, at *4.

## IV. CONCLUSION

For the above reasons, the Court strikes Bail Integrity's Answer and enters default judgment against Bail Integrity. MicroBilt shall subsequently submit to the Court its requested damages and supporting evidence. An order consistent with this Memorandum Opinion will follow.

                                                     /s/ Michael A. Shipp
                                                     MICHAEL A. SHIPP
                                                     UNITED STATES DISTRICT JUDGE