# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------------------- x

MICROBILT CORPORATION

                             Plaintiff,

            - against -

BAIL INTEGRITY SOLUTIONS, INC. and
THOMAS BRIAN SHIRAH in his individual
capacity; ABC COMPANIES (1-10), JOHN and
JANE DOES (1-10)

                          Defendants.

Civil Action No. 3:19-cv-00637
Hearing: May 15, 2023

---------------------------------------------------------------- X

## <u>NOTICE OF MOTION</u>

       PLEASE TAKE NOTICE that Defendant MicroBilt Corporation ("MicroBilt"), through counsel, will move before the Honorable Michael A. Shipp, United States District Judge, on May 15, 2023 for an Order granting MicroBilt's Motion to Re-Open Discovery to Conduct Limited Asset Discovery. In support of this motion, MicroBilt relies on the attached, Memorandum of Law in Support of Motion to Re-Open Discovery. As required by the Local Civil Rule 7.1(e), a Proposed Order is also attached.

       It is respectfully requested that the Court rule upon the moving papers submitted, without requiring appearance of counsel, pursuant to Fed. R. Civ. P. 78.

                   *[signatures of counsel appear on the following page]*

Respectfully Submitted,

Dated: April ___, 2023          **EPSTEIN OSTROVE, LLC**


By: /s/ _____
  Elliot D. Ostrove (ID No. 025581997)
  Vahbiz P. Karanjia (ID No. 022042009)
  200 Metroplex Drive
  Suite 304
  Edison, NJ 08817
  e.ostrove@epsteinostrove.com
  v.karanjia@epsteinostrove.com


  and

**ARNALL GOLDEN GREGORY LLP**


  Jeffrey S. Jacobovitz (DC Bar. No. 346569)
  2100 Pennsylvania Ave NW, Suite 350
  Washington, D.C. 20037
  jeffrey.jacobovitz@agg.com
  (202) 677-4056
  Admitted *pro hac vice*

  *Attorneys for Plaintiff*
  *MicroBilt Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
------------------------------------------------------------ x
```

MICROBILT CORPORATION

                        Plaintiff,

           - against -

BAIL INTEGRITY SOLUTIONS, INC. and
THOMAS BRIAN SHIRAH in his individual
capacity; ABC COMPANIES (1-10), JOHN and
JANE DOES (1-10)

                        Defendants.

```
------------------------------------------------------------ X
```

Civil Action No. 3:19-cv-00637
Hearing: May 15, 2023

### **Certificate of Service**

       I hereby certify that the foregoing Notice of Motion for MicroBilt's Motion to Re-Open

Discovery to Conduct Asset Discovery was filed on the __ day of April 2023 through the ECF

filing system and will be sent electronically to the registered participants as identified on the Notice

of Electronic Filing. I further certify that a copy has been sent via Federal Express to Defendants

Bail Integrity Solutions, Inc. and Thomas Brian Shirah at 221 Camelot Drive Morganton, NC

28655.

                     By: /s/ _____
                         Vahbiz P. Karanjia

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------- x

MICROBILT CORPORATION

                            Plaintiff,

          v.

BAIL INTEGRITY SOLUTIONS, INC. and
THOMAS BRIAN SHIRAH in his individual
capacity; ABC COMPANIES (1-10), JOHN
and JANE DOES (1-10)

                            Defendants.

Civil Action No.

3:19-cv-00637 (MAS)(LHG)

-------------------------------------------------------- x

## PLAINTIFF MICROBILT CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO RE-OPEN DISCOVERY TO CONDUCT ASSET DISCOVERY OF DEFENDANTS BASED ON NEWLY ACQUIRED EVIDENCE

EPSTEIN OSTROVE, LLC
ELLIOT D. OSTROVE (ID No. 025581997)
VAHBIZ P. KARANJIA (ID No. 022042009)
200 Metroplex Drive
Suite 304
Edison, NJ 08817


OF COUNSEL AND ON THE MEMORANDUM:
ARNALL GOLDEN GREGORY LLP
JEFFREY S. JACOBOVITZ, ESQ. (admitted *pro hac vice*)

Error! Unknown document property name.
Error! Unknown document property name.

TABLE OF CONTENTS

**Page**

Table of Contents ..................................................................................... i

Table of Authorities .................................................................................ii

Relevant Factual Background  .................................................................. 1

Argument & Citation to Authority ........................................................... 4

Conclusion................................................................................................. 7

**Error! Unknown document property name.**
**Error! Unknown document property name.**

TABLE OF AUTHORITIES

**Page**

**Cases**

*Boyington v. Percheron Field Servs., LLC*, No. 3:14-cv-90, 2017 WL 5633171
(W.D. Pa. Nov. 21, 2017) .......................................................................... 4, 5

*Goldrich v. City of Jersey City*, No. 15-885 (SDW) (LDW), 2018 WL 3360764
(D.N.J. July 10, 2018) .................................................................................. 4

*Nike, Inc. v. Eastern Ports Custom Brokers, Inc.*, No. 11-4390 (CCC), 2019 WL
5206073 (D.N.J. Oct. 16, 2019) ................................................................... 5

**Rules**

Fed. R. Civ. P. 16 .................................................................................. 1, 3, 4

Error! Unknown document property name.
Error! Unknown document property name.

Pursuant to Fed. R. Civ. P. 16(b)(4), Plaintiff MicroBilt Corporation ("MicroBilt"), by and through its attorneys of record, hereby moves this Court for an order granting MicroBilt's request to re-open discovery for the limited purpose of allowing MicroBilt to conduct asset discovery from Defendant Thomas Brian Shirah ("Mr. Shirah"), showing the court as follows:

## I.   RELEVANT FACTUAL BACKGROUND

This case has been pending for over four years and Mr. Shirah continues to obstruct MicroBilt's efforts to resolve this dispute—most recently, as MicroBilt has learned, subsequent to the mediation, by intentionally hiding his assets from MicroBilt. Plaintiff MicroBilt filed this case against Defendants Mr. Shirah and Bail Integrity Solutions, Inc. ("Bail Integrity" and collectively with Mr. Shirah, "Defendants") on January 17, 2019 seeking damages for, among other things, breach of contract, breach of the duty of good faith and fair dealing, and fraudulent misrepresentation. According to the Court's most recent scheduling order, fact discovery closed in this matter on October 30, 2020. [Dkt. 35]. After Defendants' Motion for Partial Summary Judgment was denied on July 29, 2021 [Dkt. 52], Defendants' counsel sought and obtained permission to withdraw as counsel for both Defendants in October 2021 [Dkt. 66]. MicroBilt then moved for a default judgment and to strike Bail Integrity's Answer due to its inability to proceed without counsel.

1

[Dkt. 69 & 71]. Those motions were granted by this Court on July 21, 2022. [Dkt. 82].[1]

After Defendants' Partial Summary Judgment was denied, the parties agreed, after a telephone conference with this Court, to engage in a settlement conference with the Court. (*See* Certification of Jeffrey S. Jacobovitz attached as Ex. 1 to MicroBilt's Motion to Compel at ¶ 4 [Dkt. 83-2] [hereinafter Jacobovitz Decl.].) Counsel[2] discussed a potential settlement conference via telephone on March 7, 2022 and, at that time, MicroBilt indicated that it would need evidence of Defendants' financial condition in order to reach a potential resolution. (*See id.* at ¶ 5.) Via email on March 8, 2022, MicroBilt requested that Defendants provide the following documentation to aid in a potential settlement conference: (1) 3 years of tax returns for each Defendant; (2) bank statements; (3) stock ownership documents; (4) any valuation of Bail Integrity; (5) any court filings related to Defendants' assets; (6) loan applications listing assets; and (7) real estate holdings and mortgage documents. (*Id.* at ¶ 6.) However, despite being ordered to provide this limited information related to his financial status on multiple occasions in advance of multiple settlement

---

[1] MicroBilt also filed a supplemental damages brief regarding its damages against Defendant Bail Integrity for purposes of the default judgment on August 5, 2022. This briefing is currently pending before the Court.
[2] At the time, Mr. Shirah was being represented by court-appointed law school counsel for purposes of the settlement conferences only. He is presently proceeding in this matter *pro se.*

Error! Unknown document property name.
Error! Unknown document property name.

conferences, Mr. Shirah provided only incomplete financial information for either himself individually or Bail Integrity. (*Id.* at ¶¶6-19.)

MicroBilt then moved to compel the production of these documents on July 22, 2022 ("Motion to Compel"). [Dkt. 83]. The Motion to Compel was denied on February 24, 2023 because the Court found MicroBilt (a) had not requested the financial documents in discovery and (b) had not shown why they were relevant to the claims and defenses in this case. [Dkt. 90].

However, since MicroBilt filed its Motion to Compel, it has acquired new evidence related to Mr. Shirah's financial condition and his representations to this Court throughout the Parties' prior settlement conferences. On February 24, 2023, MicroBilt's Customer Support Department received a call from an individual named Daniel Pitman ("Mr. Pitman"). (*See* Declaration of Walt Wojciechowski at ¶__, attached hereto as Exhibit 1 [hereinafter "Wojciechowski Decl."].) A true and accurate copy of a transcription of that telephone conversation is attached to Mr. Wojciechowski's declaration as Exhibit A.

In this phone conversation, Mr. Pitman informed MicroBilt employee, Tina Gadson, that he used to work for Mr. Shirah and that he had information related to MicroBilt's lawsuit against Mr. Shirah. (Wojciechowski Decl. at Ex. A.) Specifically, Mr. Pitman stated that Mr. Shirah was "hiding his assets from [MicroBilt] so that way the lawyers" would think that Mr. Shirah did not have any

3

assets and that Mr. Shirah "sold a reporter a ping to a phone." (*See id.*) Mr. Pitman stated that he had specifically overheard Mr. Shirah state that he [Mr. Shirah] thinks he "can get away with hiding what he actually has to make it look like he had nothing and they [MicroBilt] would just leave him alone to where he don't have to declare bankruptcy, he don't have to pay nothing...." (*See id.*)

Because MicroBilt has become aware that Mr. Shirah may be hiding assets in order to escape any judgment from MicroBilt, whether on behalf of himself, individually, or his company, Bail Integrity, MicroBilt now seeks permission to re-open discovery in this matter to take limited discovery regarding Mr. Shirah and Bail Integrity's assets in the form of an asset deposition of Mr. Shirah and limited requests for production of documents.

## II.   ARGUMENT & CITATION TO AUTHORITY

Because a request to re-open discovery is, essentially, a motion to modify the scheduling order, it is governed by Fed. R. Civ. P. 16(b)(4). *See Boyington v. Percheron Field Servs., LLC*, No. 3:14-cv-90, 2017 WL 5633171, at *2 (W.D. Pa. Nov. 21, 2017). Pursuant to Rule 16, this Court has "broad discretion to control and manage discovery." *Goldrich v. City of Jersey City*, No. 15-885 (SDW) (LDW), 2018 WL 3360764, at *1 (D.N.J. July 10, 2018). "Scheduling orders may...be modified to reopen discovery for 'good cause and with the judge's consent.'" *Id.* (*quoting* Fed. R. Civ. P. 16(b)(4)). In considering whether good cause exists, the

4

Error! Unknown document property name.
Error! Unknown document property name.

Court should evaluate the following factors: "(1) the good faith and diligence of the moving party; (2) the importance of the evidence; (3) the logistical burdens and benefits of re-opening discovery; and (4) prejudice to the nonmoving party." *Nike, Inc. v. Eastern Ports Custom Brokers, Inc.*, No. 11-4390 (CCC), 2019 WL 5206073, at *4 (D.N.J. Oct. 16, 2019). However, in the contexts of requests to extend deadlines, the courts have also "defined 'good cause' to include 'circumstances beyond the control' of a party." *Boyington*, 2017 WL 5633171, at *2 (granting motion to reopen discovery on a narrow topic where it was based upon newly acquired evidence).

Here all four factors weigh in favor of granting MicroBilt's request to re-open discovery as there is "good cause" to do so. First, MicroBilt, the moving party, has certainly been diligent and acted in good faith in seeking all relevant discovery from the Defendants, including the information now sought regarding Defendants' financial condition and assets, which MicroBilt requested in connection with the Parties' earlier settlement conferences. Although MicroBilt did not seek this information during the initial discovery period, it had no reason to do so at that time as it did not yet have any judgment against either Defendant and did not have any reason to believe that Mr. Shirah would be less than forthcoming about his or Bail Integrity's assets. MicroBilt could not have known at that time that Mr. Shirah was allegedly hiding assets (and will potentially continue to take steps to hide assets)

5

with the specific purpose of preventing MicroBilt from being able to enforce any judgment against him or Bail Integrity. (*See* Wojciechowski Decl. at Ex. A.) Like the moving party in *Boyington*, MicroBilt's belatedly acquired discovery that Mr. Shirah is hiding assets was certainly beyond its control as the "newly acquired evidence" was not available to MicroBilt until recently. Now that MicroBilt has a default judgment against Bail Integrity (although the amount is still undetermined) and has presented evidence that Mr. Shirah is intentionally trying to hide assets from MicroBilt in order to make this dispute more difficult to resolve, what assets Bail Integrity and Mr. Shirah have (and have had in the past) is directly relevant to MicroBilt's ability to proceed in this dispute. At a minimum, MicroBilt should be allowed to test the veracity of Mr. Pitman's allegations through limited discovery.

As to the second factor, the importance of the evidence, whether or not Mr. Shirah is hiding his own assets (and those of Bail Integrity) is important to MicroBilt and this Court's ability to resolve this dispute. As an initial matter, the fact that Mr. Shirah refused, throughout the course of the Parties' settlement conferences, to provide the requested financial information has, as MicroBilt has previously stated, severely impeded any possibility of settlement in this case. Additionally, due to Bail Integrity's failure to retain counsel, MicroBilt currently has a default judgment against Bail Integrity; therefore, whether Bail Integrity can pay any eventual judgment and whether it is attempting to avoid paying, is important to this dispute.

Error! Unknown document property name.
Error! Unknown document property name.

Finally, if Mr. Shirah is attempting to hide assets from MicroBilt and this Court, he has been dishonest not only with MicroBilt, but also this Court throughout the multiple settlement conferences conducted amongst the Parties and is directly impeding these proceedings.

Finally, as to the third and fourth factors, the logistical burdens of the additional discovery and the prejudice to Mr. Shirah and Bail Integrity, both weigh in favor of granting MicroBilt's motion. There will not be a significant logistical burden to either side or this Court as this case has not yet been set for trial and Mr. Shirah will simply be required to appear at another short deposition—which counsel is willing to conduct virtually—and respond to discovery requests with the documents that he should have already provided in response to this Court's various settlement conference related orders. Additionally, Mr. Shirah will not be prejudiced in being ordered to do so. MicroBilt is willing to conduct this additional discovery as quickly and efficiently as possible as it does not want to cause any further delay in the resolution of this dispute. At this point, the Court has not set a pretrial or trial date in this matter. MicroBilt is requesting very specific, targeted information and is not seeking to completely re-open fact discovery to change the existing evidence in this dispute. Therefore, MicroBilt respectfully requests that this Court grant its Motion to Re-Open Discovery.

7

## III.   CONCLUSION

For the foregoing reasons, Plaintiff MicroBilt respectfully requests that this Court grant its motion and enter an order re-opening discovery for a limited purpose and allowing MicroBilt the opportunity to (1) depose Mr. Shirah regarding the narrow topic of his assets and (2) serve requests for production to Mr. Shirah regarding documents related to his and Bail Integrity's financial status.

Respectfully submitted this ___ day of April, 2023.


By: _____
EPSTEIN OSTROVE, LLC
Elliot D. Ostrove (ID No. 025581997)
Vahbiz P. Karanjia (ID No. 022042009)
200 Metroplex Drive
Suite 304
Edison, NJ 08817
e.ostrove@epsteinostrove.com
v.karanjia@epsteinostrove.com

and

Jeffrey S. Jacobovitz
(admitted *pro hac vice*)
Arnall Golden Gregory LLP
2100 Pennsylvania Ave NW
Suite 350
Washington, D.C. 20037
(202) 677-4056
Jeffrey.Jacobovitz@agg.com

*Counsel for the Plaintiff MicroBilt Corporation*

Error! Unknown document property name.
Error! Unknown document property name.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Notice of Motion for MicroBilt's Motion to Re-Open Discovery, along with a Memorandum in support thereof against was filed on the __ day of April, 2023 through the ECF filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. I further certify that a copy has been sent via Federal Express to Defendants Bail Integrity Solutions, Inc. and Thomas Brian Shirah at 221 Camelot Drive Morganton, NC 28655.

This __ day of April 2023.

/s/ _____
Vahbiz P. Karanjia

Error! Unknown document property name.
Error! Unknown document property name.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------- x

MICROBILT CORPORATION

                       Plaintiff,

           - against -                      Civil Action No. 3:19-cv-00637

BAIL INTEGRITY SOLUTIONS, INC. and
THOMAS BRIAN SHIRAH in his individual
capacity; ABC COMPANIES (1-10), JOHN and
JANE DOES (1-10)

                       Defendants.

-------------------------------------------------------------- x

## DECLARATION OF WALTER WOJCIECHOWSKI

I, Walter Wojciechowski, hereby declare:

1.     I am over the age of eighteen (18) and am competent to testify in this matter. The statements contained herein are based upon my own personal knowledge or my review of records.

2.     I am currently employed as the CEO for MicroBilt Corporation ("MicroBilt") in Princeton, New Jersey. I submit this Declaration in support of MicroBilt's Motion to Re-Open Discovery (the "Motion").

3.     MicroBilt is a consumer reporting agency and provides among other things, access to consumer data and other financial information to authorized and credentialed business customers.

4.     As part of its usual business practices, MicroBilt records calls that come into its customer support call center.

5.      On February 24, 2023, MicroBilt customer support call center employee, Tina Gadson, received a call from an individual named Daniel Pitman from the telephone number 828-289-6837 asking to speak to someone in the legal department.

6.      In this conversation, Mr. Pitman informed Ms. Gadson that he had information regarding Defendants Thomas Brian Shirah and Bail Integrity, Inc.

7.      A true and accurate transcription of this recording, as it is maintained in MicroBilt's usual course of business, is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 4th day of April, 2023.

Walter Wojciechowski, CEO
Walter Wojciechowski

# EXHIBIT A

**Transcription of February 24, 2023**
**Call to MicroBilt Support Center from Daniel Pitman**

| | |
|---|---|
| Tina Gadson | Thank you for calling [*inaudible*] how may I help you? |
| Daniel Pittman | Yes ma'am, do y'all, do ya'll have a legal department that I can speak with? |
| Tina Gadson | We do not. |
| Daniel Pittman | Alright. How, how would I go about talking to somebody about a legal problem? |
| Tina Gadson | What is your legal problem? |
| Daniel Pittman | Ya'll are currently suing a individual that I used to work for and ya'lls his lawyers and the individual's name is Brian Shirah yep, ya'll were actually in, in the middle of negotiations with him and I just got some information I would like to speak to the, whoever, whoever handles ya'lls legal stuff about. I know you don't get a phone call like that  every day, but I didn't know who else to call. |
| Tina Gadson | I can take your information and try to find somebody for you. I don't have anybody I can transfer you to. |
| Daniel Pittman | OK. The reason, the reason I'm calling is I no longer work for him, he's a Bail's Bondsman and years ago he was using ya'lls programming and, and he sold a reporter a ping to a phone, as dumb as he is, that's what he done and, and ya'll were, ya'll were, ya'll were taking him to court and he is hiding his assets from ya'll so that way the lawyers that ya'll got, think, he trying to get them think that he don't have nothing in another words, so he's hiding what, what he actually had so more less he's hoping that they would leave him alone and let it ride and he's done pissed me off enough to call. |
| Tina Gadson | OK. What's your name? |
| Daniel Pittman | My name is Daniel Pittman. |
| Tina Gadson | And what's the best number for you? |
| Daniel Pittman | 828-289-6837 |
| Daniel/Tina Gadson | 828 … [*simultaneously speaking*] |
| Daniel Pittman | Yes, 289-6837 |
| Tina Gadson | And his name is Brian, you said what? |
| Daniel Pittman | Brian Shirah – S-H-I-R-A-H. So te-, just let them know if they want their money, I'll tell them where they can get their money at. |
| Tina Gadson | OK, one second. |
| Daniel Pitman | I know ya'll don't get a phone call like that every day. |
| Tina Gadson | You're correct I never got a phone call like that, so. Um, yeah, let me |
| Daniel Pittman | He took 13 grand from me, so. |
| Tina Gadson | He took how much from you? |
| Daniel Pittman | 13 grand |
| Tina Gadson | Wow, OK |
| Daniel Pittman | I was the bondsman in his company and I been in there about three years and I've actually been in the same car with him, I was his right-hand man. And I've been in the same car with him as he's speaking |

going back and forth with y'alls attorneys and he's thinking that he can get away with hiding what he actually has to make it look like he had nothing and they would just leave him alone to where he don't have to declare bankruptcy, he don't have to pay nothing, this, that and the other and the house, he's actually trying to give them, the house, he actually has a house in Thomasville that he's trying to give to ya'll attorneys to give to ya'll for the, the, to get some money out of it, but what he's not telling you with that is his house is up for repossession so there is that too.  And he won't put nothing in the bank. I mean, he's a bails bondsman [*inaudible*] I mean, I don't know how smart ya'lls attorneys are, but if anybody thinks a bonds man doesn't bring home any money they're an idiot. But he won't put the money in the bank, because the attorney has already got the information to see what he draws and what he puts in the bank, so he won't put nothing in the bank, he's got it put up

| | |
|---|---|
| Tina Gadson | OK. Let me see who I can find who is handling this. This is definitely way over my head [*laughing*] um, and I'm sure they wil reach back out to you |
| Daniel Pittman | OK, now, um, tell them I, um, good from anywhere  from 8:00 in the morning until about 11 at night. |
| Tina Gadson | OK, sounds good |
| Daniel | [*inaudible*] I'll be out here playing with the local wildlife, so you know |
| Tina Gadson | OK. Thank you so much |
| Daniel Pittman | Yes ma'am thank you |
| Tina Gadson | OK, bye-bye |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------- x

MICROBILT CORPORATION

                                   Plaintiff,

          - against -                                    Civil Action No. 3:19-cv-00637

BAIL INTEGRITY SOLUTIONS, INC. and
THOMAS BRIAN SHIRAH in his individual
capacity; ABC COMPANIES (1-10), JOHN and
JANE DOES (1-10)

                                   Defendants.

-------------------------------------------------------------- x

## PROPOSED ORDER

This matter is before the Court on Plaintiff MicroBilt Corporation's ("MicroBilt") Motion

to Re-Open Discovery for the Purpose of Conducting Limited Asset Discovery. Upon

consideration of that Motion and the attached Memorandum of Law in Support, the Court finds

that because MicroBilt has presented evidence that Defendant Thomas Brian Shirah ("Mr. Shirah")

is attempting to hide assets, MicroBilt's Motion should be GRANTED. Accordingly, for the

foregoing reasons, and other good cause shown, it is hereby ORDERED that:

- Plaintiff's Motion to Re-Open Discovery is **GRANTED;** and

- MicroBilt may request limited asset discovery from Defendant Thomas Brian
  Shirah in the form of an asset deposition and requests for production of documents
  related to Defendants' assets. This discovery should be completed within **30** days
  of the date of this order.

**DONE AND ORDERED** this ___ day of _____, 202__.

                                        _____
                                        United States District Judge