UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICROBILT CORPORATION,

Plaintiff,

v.

BAIL INTEGRITY SOLUTIONS, INC.,
THOMAS BRIAN SHIRAH in his individual
capacity, ABC COMPANIES (1–10), JOHN
and JANE DOES (1–10),

Defendant.

Civil Action No. 19-637 (RK) (JBD)

**MEMORANDUM OPINION**

**KIRSCH, District Judge**

      **THIS MATTER** comes before the Court upon a Motion for Default Judgment filed by Plaintiff MicroBilt Corporation ("MicroBilt") against Defendant Thomas Brian Shirah ("Defendant Shirah"). (ECF No. 99.) The Court has considered Plaintiff's Motion and its accompanying submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

**I.**      **BACKGROUND[1]**

      MicroBilt is a consumer reporting agency and reseller of consumer credit information. (Compl., ECF No. 1, ¶ 5.) MicroBilt filed suit against Defendant Bail Integrity, a registered bail

---

[1] The background of this case is well-known to the Court and to the parties as the facts of this case have been previously discussed in a Motion to Dismiss, a Motion for Summary Judgment, and a Motion for Default Judgment, which was brought by MicroBilt against Defendant Bail Integrity Solutions ("Defendant Bail Integrity"). (*See* ECF Nos. 22, 52, 81.) The Court incorporates by reference the background sections detailed in these prior Opinions and primarily focuses this background discussion on the procedural history of this matter.

bondsman service, and Defendant Shirah, its owner, operator, and CEO (collectively "Defendants") in January 2019, alleging that Defendants improperly sold MicroBilt's geolocation data to a reporter. (*Id.* ¶¶ 4, 14.)[2] MicroBilt asserted four claims: (i) breach of contract (Count One), (ii) breach of good faith and fair dealing (Count Two), (iii) fraudulent misrepresentation (Count Three), and (iv) misappropriation of trade secrets in violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836, *et seq.* (Count Four). (*Id.* ¶¶ 31–60.) Three (3) months after MicroBilt initiated this suit, it expressed concerns that Defendants had been dilatory in retaining counsel and otherwise defending against this litigation. (*See* ECF No. 16 ("Defendants had over 60 days to retain counsel in a timely manner so as to proceed appropriately with their defense. They elected not to do so, through no fault of MicroBilt.").)

Eventually, Defendants secured legal representation and filed a Motion to Dismiss based on lack of personal jurisdiction under Rule 12(b)(2), failure to state a claim under Rule 12(b)(6), and failure to comply with Rule 9(b)'s heightened pleading requirements as to MicroBilt's fraud claim in Count Three. (ECF No. 18.) As to Defendant Shirah, the Court dismissed Counts One, Two, and Four but found that MicroBilt had stated a viable fraudulent misrepresentation claim in Count Three that satisfied Rule 9(b)'s heightened pleading requirement. (*See generally* ECF No. 22.) Subsequently, it appears that the parties engaged in discovery. On December 14, 2020, Defendants moved for partial summary judgment on MicroBilt's fraudulent misrepresentation claim in Count Three. (ECF No. 40.) The Court denied Defendants' motion on July 29, 2021. (ECF No. 52.)

---

[2] MicroBilt also brought suit against unnamed Defendants, ABC Companies (1–10) and John and Jane Does (1–10). (Compl. ¶¶ 29–30.)

Thereafter, as described by the Honorable Michael A. Shipp, U.S.D.J., "the progress of this litigation came to a grinding halt." (ECF No. 81 at 2.) First, Defendants' counsel requested permission to withdraw from this litigation after Defendants refused to communicate with him and failed to pay him for his services. (*See* ECF No. 60-1, "Craig Hilliard Decl." ¶¶ 7–11.) The Honorable Louis H. Goodman, U.S.M.J., granted defense counsel's motion to withdraw and gave Defendants until November 30, 2021 to retain new counsel. (ECF Nos. 64, 66.) Judge Goodman advised that while Defendant Shirah could proceed *pro se* if he failed to obtain counsel, Defendant Bail Integrity, as a corporate entity, was required to retain counsel in order to proceed. (ECF No. 66.) Judge Goodman also warned Defendant Bail Integrity that if it failed to retain counsel, MicroBilt would be permitted to file for appropriate relief with the Court. (*Id.*)

On December 9, 2021, after both Defendants failed to secure new counsel, MicroBilt requested an entry of default against Defendant Bail Integrity. (ECF No. 68.) The Clerk of Court granted MicroBilt's request. (ECF No. 69.) Thereafter, MicroBilt filed a Motion for Default Judgment. (ECF No. 71.) Defendant Bail Integrity failed to respond to the motion.

While MicroBilt's Motion for Default Judgment was pending, on December 21, 2021, the Court held a telephone conference, during which MicroBilt and Defendant Shirah expressed an interest in resolving this matter through settlement. (ECF No. 70; ECF No. 83-2 "Jacobovitz Decl." ¶ 4.) Because Defendant Shirah professed that he did not have the means to pay a settlement, MicroBilt requested certain documents to evaluate Defendant Shirah's financial position. (ECF No. 90 at 1–2.) On April 1, 2022, Judge Goodman held a teleconference, during which Defendant Shirah, who was at this point represented by pro bono counsel, sought more time to produce the requested documents.[3] (ECF No. 90 at 2.) Accordingly, Judge Goodman ordered Defendant Shirah

---

[3] On December 21, 2021, the Court appointed pro bono counsel to represent Defendant Shirah for the limited and exclusive purpose of a settlement conference. Following multiple settlement sessions spanning

to produce the documents by April 22, 2022 in furtherance of the settlement conference which the Court scheduled to take place on May 4, 2022. (ECF Nos. 74, 75.) On April 21st, Defendant Shirah provided some, but not all, of the requested documents. (Jacobovitz Decl. ¶ 10; ECF No. 90 at 2.) On April 25th, MicroBilt advised Defendant Shirah that the production was incomplete and requested additional documents. (Jacobovitz Decl. ¶ 12.) On May 2nd, MicroBilt again requested additional documents in advance of the settlement conference. (*Id.* ¶ 13.) In response, Defendant Shirah provided a "single additional document regarding a wedding-related loan." (*Id.*)

The Court conducted the settlement conference on May 4, 2022, but after it was unsuccessful, reset the conference for May 19th to allow Defendant Shirah more time to collect the requisite documents. (*Id.* ¶ 14; *see also* ECF No. 76.) Thereafter, MicroBilt sent a number of emails to Defendant Shirah requesting additional documents, including emails on May 5th and 16th, to which it appears MicroBilt received no response. (Jacobovitz Decl. ¶¶ 14–16, Exs. F, G.) At the parties' May 19th settlement conference, Defendant Shirah again requested additional time to gather documents in order to have a productive settlement conference. (*Id.* ¶ 17.) As a result, the Court again reset the conference for July 7, 2022. (*Id.*; *see also* ECF No. 77.) Nonetheless, Defendant Shirah never provided any additional documents, and the parties were not able to reach an agreement. (Jacobovitz Decl. ¶ 18; *see also* ECF No. 90 at 2.)[4]

Shortly after settlement negotiations broke down, on July 21, 2022, Judge Shipp granted MicroBilt's Motion for Default Judgment and entered default judgment against Defendant Bail

---

several months, the parties were at an impasse, and Shirah's counsel was granted permission to withdraw. (*See* ECF Nos. 78, 80.)

[4] Ultimately, MicroBilt filed a Motion to Compel production of the requested financial documents. (ECF No. 83.) Defendant Shirah failed to respond. However, Judge Goodman denied MicroBilt's Motion because the document requests at issue did not arise out of plenary discovery, but rather stemmed from the parties' efforts to settle this dispute. (ECF No. 90 at 4.)

Integrity. (ECF No. 81.) Judge Shipp determined that default judgment was warranted because (1) MicroBilt would suffer "great" prejudice absent default because Defendant Bail Integrity effectively derailed this case by failing to obtain counsel; (2) MicroBilt's Complaint was not meritless, having survived both a Motion to Dismiss and a Motion for Summary Judgment; and (3) Defendant Bail Integrity, was directly responsible for the delay in this matter through its "willful and intentional" inaction. (*Id.* at 6–7.)

Thereafter, MicroBilt filed a number of discovery related motions, and on April 13, 2023 filed a letter requesting leave to conduct asset discovery "based upon newly discovered evidence from a former Bail Integrity employee that Mr. Shirah has taken steps to deliberately hide his and Bail Integrity's assets in order to dissuade MicroBilt from pursuing this dispute." (ECF No. 91 at *1.) In response to MicroBilt's filings, the Honorable J. Brendan Day, U.S.M.J., scheduled a telephone conference for May 3, 2023. (ECF No. 94.) Notice of the telephone conference, as well as the dial-in information, was provided to Defendant Shirah. (*Id.*) Nonetheless, Defendant Shirah, without explanation, failed to appear for the conference. (ECF No. 95; *see also* ECF No. 98 at 1.) Judge Day rescheduled the conference for June 6, 2023. (*Id.*) It appears as though Defendant Shirah attended. (ECF No. 98 at 1.) Thereafter, upon review of the docket, Judge Day scheduled a telephone conference for October 12, 2023. (ECF No. 97.) The Court again gave Defendant Shirah notice of the conference and provided the dial-in information for the call. (*See* ECF No. 98 at 1.) However, Defendant Shirah again failed to appear and provided no explanation for his absence. (*Id.*)

Thus, on October 18, 2023, Judge Day issued an Order granting MicroBilt "leave to file an appropriate motion, including, if it wishes, a motion for entry of default." (*Id.* at 1–2.) On November 21, 2023, MicroBilt filed a Motion for Default Judgment. (ECF No. 99.) The Motion

had been pending for approximately five (5) months—with no response from Defendant Shirah—when the Court denied the Motion without prejudice because Microbilt had not first requested entry of default. (ECF No. 100.)[5] After the Court denied the Motion without prejudice, MicroBilt filed a request for entry of default, which the Clerk of Court entered on April 29, 2024. (ECF No. 101.) Thereafter, MicroBilt filed the Motion for Default Judgment now pending before the Court, which is now ripe for decision. (ECF No. 12.) The deadline for Defendant Shirah to file an opposition has passed, and he has neither moved to vacate the entry of default nor responded to MicroBilt's Motion.

## II.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 55 permits a party to apply for and the court to enter default judgment against a party that fails to plead or otherwise defend claims asserted against it. Fed. R. Civ. P. 55(b)(2). The Third Circuit has instructed that the "or otherwise defend" clause in Rule 55(a) "is broader than the mere failure to plead." *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917 (3d Cir. 1992). For example, a default may be imposed because a party has "fail[ed] to comply with [the Court's] unambiguous orders to obtain substitute counsel, file a pretrial memorandum, [or] respond to the plaintiffs' discovery requests." *Id.* at 918. Flagrant disregard of court orders and dilatory tactics to stall litigation may constitute a failure to "otherwise defend" against the action for which an entry of default is appropriate. *See Bibbs v. Sec. Atl. Mortg. Co.*, No. 10-0346, 2012 WL 3113975, at *3 (E.D. Pa. Aug. 1, 2012) ("Although [the defendant] answered plaintiff's complaint, its failure to participate in this action in any meaningful way since the withdrawal of [counsel] renders appropriate an entry of default as against it.").

---

[5] Default judgment must follow a two-step process, wherein the moving party must first seek and obtain an entry of default from the Clerk of Court and then, once default has been entered, may move for default judgment. Fed. R. Civ. P. 55.

Federal Rule of Civil Procedure 16(f) also allows a court, on a motion or on its own, to "issue any just orders," including sanctions authorized under Rule 37(b)(2)(A)(ii)–(vii) if a party, *inter alia*, "fails to obey a scheduling or other pretrial order." One such sanction under Rule 37 is a default judgment. Rule 37(b)(2)(A)(vi) (a Court may, *inter alia*, "render[] a default judgment against the disobedient party."). Before entering default as a sanction, courts in the Third Circuit consider the factors articulated in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). *See Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) (A *Poulis* analysis is generally conducted "when a district court imposes sanctions that are tantamount to default judgment.").

"The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits . . . .'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). "Because the entry of a default judgment prevents the resolution of claims on the merits, '[the Third Circuit] does not favor entry of defaults and default judgments.'" *Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)). Based on the circumstances presented, the Court has discretion to enter a default judgment pursuant to either Rule 16(f) or Rule 55 of the Federal Rules of Civil Procedure. *See Salins v. EMR Tech. Sols., Inc.*, No. 21-20125, 2023 WL 7386844, at *3 (D.N.J. Nov. 8, 2023).

## III.    DISCUSSION

At the outset, the Court notes that Plaintiff's memorandum of law in support of its Motion for Default Judgment focuses on the *Poulis* factors. (*See generally* ECF No. 99 ("Pl.'s Mot.")). Considering this Court's preference to rule on the merits where possible, the Court will consider whether default judgment is appropriate both under Rule 55 and under Rule 16(f) as a sanction.

*See Hoxworth*, 980 F.2d 912, 917 (analyzing default judgment under both Rule 55 and as a sanction); *Salins*, 2023 WL 7386844, at *3 (same).

### A. DEFAULT UNDER RULE 55

In order to enter default judgment under Rule 55(b), a court must perform a thorough analysis of a plaintiff's claims and entitlement to relief. *First*, the defendant must have been properly served. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). *Second*, the court must have subject matter jurisdiction over the dispute and personal jurisdiction over the parties. *See Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x 103, 108 (3d Cir. 2017). *Third*, the complaint must sufficiently state a cause of action. *See Chanel, Inc.*, 558 F. Supp. 2d at 536 (citing *Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). *Fourth*, the court must weigh the three default judgment factors: (1) whether the party subject to the default has a meritorious defense, (2) whether the party seeking default would be prejudiced without it, and (3) whether the default resulted from the defendant's culpable conduct. *Tri-Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp*, No. 20-9537, 2021 WL 1541054, at *7 (D.N.J. Apr. 20, 2021) (citing *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *2 (D.N.J. July 24, 2015)). *Finally*, the plaintiff must prove damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). The Court will address damages at the conclusion of this Opinion.

### 1. Proper Service

A court may only enter default judgment against defendants who were properly served. *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)). The plaintiff "bears the burden of proof on that issue." *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993) (citation omitted). The plaintiff can meet this

burden "by a preponderance of the evidence using affidavits, depositions, and oral testimony." *Mills v. Ethicon*, 406 F. Supp. 3d 363, 392 (D.N.J. 2019) (citation omitted). An individual located in the United States may be served by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4 (e)(2).[6]

MicroBilt filed a Summons which was returned executed demonstrating that Defendant Shirah was personally served in a Walmart parking lot in Morgantown, North Carolina on January 24, 2019. (ECF No. 8.) *See Super 8 Worldwide, Inc. v. Kusum, LLC*, No. 13-5603, 2015 WL 7761061, at *3 (D.N.J. Dec. 1, 2015) (affidavits demonstrating that the summonses were returned executed established proper service on individual defendants). Indeed, Defendant Shirah acknowledged that he was served with a Summons and Complaint on that date. (ECF No. 15 at 1.) Moreover, Defendant Shirah appeared in this action and has, at no point, objected to service of process. "Making an appearance in a case is the equivalent of process and service, and waives all objections to process or service, submitting the appearing defendant to such jurisdiction as the court is competent to exercise." *First Guar. Mortg. Corp. v. Kirkpatrick-Brooks*, No. 18-14567, 2018 WL 6933416, at *2 (D.N.J. Dec. 14, 2018), report and recommendation adopted, No. 18-14567, 2019 WL 113723 (D.N.J. Jan. 3, 2019) (citations omitted). Accordingly, MicroBilt has established by a preponderance of the evidence that Defendant Shirah was properly served in compliance with Rule 4.

---

[6] An individual located in the United States may also be served in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4 (e)(1).

2. Jurisdiction

The Court next turns to whether it may exercise subject matter jurisdiction over this case and personal jurisdiction over the parties. District courts shall have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States," (also known as federal question jurisdiction), 28 U.S.C. § 1331, and "of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . .," (also known as diversity jurisdiction). 28 U.S.C. § 1332(a). The Court has subject matter jurisdiction over this action based on diversity: MicroBilt is incorporated in Delaware, headquartered in New Jersey, and has a principal place of business in Georgia, while Defendants are citizens of North Carolina, and the amount in controversy exceeds $75,000. (*See* Compl. at *1; *see also* ECF No. 9 at *11 (showing, in an exhibit to the Complaint, addresses for Defendants in Morgantown, North Carolina); ECF No. 81 (in granting default judgment against Defendant Bail Integrity, Judge Shipp previously found that the Court had subject matter jurisdiction over this action).)

Turning to personal jurisdiction, "[o]n a motion for default judgment, the Court takes as true all well-pleaded jurisdictional allegations in the Complaint to assess whether Plaintiff[] ha[s] made a prima facie showing of personal jurisdiction." *Victory's Dawn, Inc. v. Clemons*, No. 21-9744, 2022 WL 3402491, at *3 (D.N.J. Aug. 12, 2022) (citing *Allaham v. Naddaf*, 635 F. App'x 32, 36–37 (3d Cir. 2015)). MicroBilt alleges that the Court has personal jurisdiction over Defendants based on a forum-selection clause contained the contractual agreement between the parties. (Compl. ¶¶ 2–3.) Defendant Shirah, along with Defendant Bail Integrity, previously moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (ECF No. 18.) As for Defendant Shirah, he contended that the Court did not have

personal jurisdiction over him because he did not sign the contract in his individual capacity and did not purposely avail himself of the privileges and benefits of New Jersey's laws. (*Id.* at 10–12.) Judge Shipp rejected Defendant Shirah's argument, finding that, as the owner of Bail Integrity, Shirah derived a direct benefit from the contractual relationship between the parties, and it was foreseeable that he would be bound by the forum selection clause in the contract between his wholly owned company and MicroBilt. (ECF No. 22 at 10.) Thus, Judge Shipp found that Defendant Shirah was subject to the Court's personal jurisdiction. (*Id.*) Under the law of the case doctrine, the Court adopts Judge Shipp's reasoning and finds that it may exercise personal jurisdiction over Defendant Shirah.[7]

### 3.  Sufficiency of Complaint

The third factor the Court must consider is "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 365 (D.N.J. 2008); *see also Animal Science Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 848 (D.N.J. 2008) ("A litigant's failure to state a claim upon which relief may be granted . . . prevents the presiding court from entering a default judgment."). In order for a court to enter default judgment, a plaintiff must "establish[] that the essential elements of the pleaded claims are present and state[] factual allegations in support of these elements." *Animal Science Prods., Inc.*, 596 F. Supp. 2d at 848.

---

[7] Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *In re Cont'l Airlines, Inc.*, 279 F.3d 226, 233 (3d Cir. 2002) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)); *see also Scudder v. Colgate Palmolive Co.*, No. 16-7433, 2018 WL 4188456, at *2 (D.N.J. Aug. 31, 2018) ("The law of the case doctrine 'limits relitigation of an issue once is has been decided' in the same case or litigation." (quoting *Hoffman v. City of Bethlehem*, 739 F. App'x 144, 150 (3d Cir. June 20, 2018)). Based on law of the case, the Court will not revisit Judge Shipp's carefully reasoned analysis.

The Court finds that MicroBilt has established a legitimate cause of action against Defendant Shirah. On April 19, 2019, Defendants moved to dismiss this case. (ECF No. 18.) While Judge Shipp dismissed MicroBilt's breach of contract claim and breach of good faith and fair dealing claim against Defendant Shirah and dismissed MicroBilt's DTSA claim against all Defendants, Judge Shipp determined that MicroBilt had stated a viable fraudulent misrepresentation claim in Count Three of the Complaint. (ECF No. 22 at 12–13.) Judge Shipp reasoned that MicroBilt had plead its fraud claim with sufficient particularity to survive Rule 9(b)'s heightened pleading requirement and that the claim was not barred by the economic loss doctrine. (*Id.* at 13.)[8] Thereafter, Defendants moved for partial summary judgment on MicroBilt's fraudulent misrepresentation claim in Count Three. (ECF No. 50.) Judge Shipp again denied Defendants' Motion, finding that there was a genuine dispute of material fact as to Defendants' fraudulent intent, and again finding that the claim was not barred by the economic loss doctrine. (*See generally* ECF No. 52.) Accordingly, based on the law of the case doctrine and accepting the allegations in the Complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), the Court finds that MicroBilt has established a legitimate cause of action for fraudulent misrepresentation against Defendant Shirah. As Judge Shipp observed in his Opinion granting default judgment against Defendant Bail Integrity, MicroBilt's Complaint has survived both a Motion to Dismiss and a Motion for Summary Judgment, "defeating any concerns that its claims are meritless." (ECF No. 81 at 7.)

---

[8] Federal Rule of Civil Procedure 9(b) requires a party, when alleging fraud, to "state with particularity the circumstances constituting fraud . . . ."

4.   Default Judgment Factors

Next the Court considers the three default judgment factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The Court finds that all three factors weigh in favor of entering default judgment in this case.

First, the Court's review of the law and the facts alleged in the Complaint reveals no meritorious defense open to Defendant Shirah. As noted above, Defendant Shirah has already asserted numerous defenses to MicroBilt's fraud claim, each of which has been rejected in this litigation.

Second, with respect to prejudice, "impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d. Cir. 2003). Prejudice need not be "irremediable or irreparable." *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008) (quotation marks and citation omitted). "A party's refusal to attend required conferences, participate in discovery, and the like may be found to prejudice the movant." *Salins*, 2023 WL 7386844, at *3 (citing *Hoffman v. Palace Ent.*, 621 F. App'x 112, 115 (3d Cir. 2015) (finding plaintiff prejudiced by defendant's "repeated refusals to cooperate")). The Court finds that MicroBilt has been prejudiced by Defendant Shirah's dereliction and obstructive conduct. This case has been pending for over five (5) years, during which time MicroBilt has born the cost of motion practice, discovery, and other miscellaneous filings. *See Adams*, 29 F.3d at 874 ("costs expending obtaining court orders to force compliance with discovery" constitutes prejudice to an adversary); *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 447 (D.N.J. 2014) (noting that financial hardship may rise to a level of undue prejudice); *Chiarulli v. Taylor*, No. 8-4400, 2010 WL

13

1371944, at *3 (D.N.J. Mar. 31, 2010) (prejudice may include when a "party's conduct has resulted in extra costs, repeated delays, and the need to file additional motions in response to the abusive behavior of the responsible party" (quotation marks and citation omitted)), report and recommendation adopted by 2010 WL 1566316, at *1 (D.N.J. Apr. 16, 2010). Moreover, the extent that Defendant Shirah continues to refuse to participate in this litigation, MicroBilt will be unable to vindicate its claim against him. *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiffs] will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant.").

Finally, the Court finds Defendant Shirah responsible for the delay in this litigation. Defendant Shirah, along with his wholly owned company Bail Integrity, received repeated warnings from multiple judges who have overseen this litigation regarding Defendants' obstructive conduct. Most recently, Judge Day warned Defendant Shirah that if he failed to participate in the Court's scheduled conferences, MicroBilt would be granted leave to seek appropriate relief, including entry of default. (ECF No. 95.) Nonetheless, Defendant Shirah has not communicated with the Court since. (ECF No. 98.) Indeed, except for attending *one* telephone conference with Judge Day on June 6, 2023, the Court is not aware of any communication from Defendant Shirah to this Court since the final settlement conference held before Judge Goodman almost two (2) years ago. Notwithstanding Defendant Shirah's *pro se* status, his neglect of this litigation can only be described as willful. *See Hoffman*, 621 F. App'x at 114 (finding *pro se* defendant personally responsible for refusals to cooperate with discovery). Accordingly, the Court finds default judgment warranted under Rule 55(b).

## B. Default as a Sanction

The Court next turns to whether default judgment is an appropriate sanction. Before entering default as a sanction, courts in the Third Circuit generally consider the *Poulis* factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747, F.2d 863, 868 (3rd Cir. 1984). No single *Poulis* factor is determinative, and sanctions may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).[9]

### 1. Extent of the Party's Personal Responsibility

The Court beings with the Defendant Shirah's personal responsibility. Although a party may suffer sanctions "because of his counsel's unexcused conduct," *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962), the Third Circuit has "increasingly emphasized [imposing] sanctions on the delinquent lawyer, rather than on a client who is not actually at fault," *Carter v. Albert Einstein Medical Ctr.*, 804 F.2d 805, 807 (3d Cir. 1986). Therefore, in analyzing the first *Poulis* factor, courts should consider "whether the party bears *personal* responsibility for the action or inaction." *Adams v. Tr. of the New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994) (emphasis added). As Defendant Shirah is proceeding *pro se* and has not contacted the Court to explain his failure to comply with Court orders, the Court finds that he bears personal responsibility for his failure to participate fully in this litigation.[10]

---

[9] The Court notes that there is significant overlap between the *Poulis* factors and Court's analysis under Rule 55.

[10] As noted above, Defendant Shirah was originally represented by counsel. However, Defendant Shirah is directly responsible for his former counsel withdrawing from this litigation: Shirah refused to communicate

### 2. Prejudice to the Adversary

With respect to the second *Poulis* factor, the Third Circuit has counseled that prejudice "bear[s] substantial weight" in support of sanctions. *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984). As noted above, Defendant Shirah's obstructive behavior and delay tactics have significantly increased the cost and duration of this litigation and impeded resolution of this case, which has now been ongoing for over five (5) years, resulting in prejudice to MicroBilt.

### 3. History of Dilatoriness

As for the third *Poulis* factor, the Third Circuit has explained that "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874 (citation omitted). To determine whether a party has exhibited such dilatoriness, a court must evaluate a party's conduct "in light of its behavior over the life of the case." *Id.* at 875 (citation omitted). The Court finds that Defendant Shirah has exhibited at least some delinquency in this matter. First, Defendant Shirah was dilatory in retaining counsel and waited four (4) months before responding to MicroBilt's Complaint. Thereafter, while Defendant Shirah was not obligated to enter into settlement negotiations with MicroBilt, when he did enter into same, he refused to turn over documents that Judge Goodman ordered him to produce in an apparent attempt to hide his assets from MicroBilt. He also repeatedly sought extensions of the Court's scheduled conferences and ultimately failed to produce the requisite documents, leading to the breakdown of settlement negotiations. After settlement was unsuccessful and the Court attempted to get this case back on track, Defendant Shirah failed to participate in scheduled conferences, causing further delay of

---

with his attorney and failed to pay him for his services. (*See* ECF No. 60-1, Craig Hilliard Decl. ¶¶ 7–11.) Thereafter, Defendant Shirah has generally been *pro se* in this matter, except for limited pro bono representation for the purposes of a settlement conference. (*See* ECF Nos. 78, 80.)

resolution of this matter. Moreover, it is not lost on this Court that Defendant Shirah's conduct must be also considered in context with the conduct of Defendant Bail Integrity, which Shirah wholly owns and operates. This litigation came to a halt after Defendant Bail Intergrity, presumably at the behest of Shirah, failed to retain new counsel after refusing to communicate with or compensate Defendants' attorney.

### 4.   Willfulness or Bad Faith

"Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. In evaluating this fourth *Poulis* factor, courts often look for "willful or contumacious behavior" that indicates "flagrant bad faith." *Scarborough*, 747 F.2d at 875. Although the Court is unable to conclude from this record that Defendant Shirah's behavior arises to the level of *flagrant* bad faith, the Court notes that there is at least some evidence in this record that Defendant Shirah is, in bad faith, attempting to hide his assets from MicroBilt. (ECF No. 91 at *1.) At the very least, Defendant Shirah's repeated failure to comply with Court orders and to attend scheduled conferences without explanation suggests that Defendant Shirah's conduct is willful and obstructive.

### 5.   Effectiveness of Alternative Sanction

For the fifth factor, courts must consider the effectiveness of other, less drastic sanctions. *Poulis*, 747 F.2d at 868. "The Third Circuit has identified several alternative sanctions available to a court, including 'a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees . . . [or] the preclusion of claims or defenses.'" *Smith ex rel. El Ali v. Altegra Credit Co.*, 2004 WL 2399773, at *7 (E.D. Pa. Sept. 22, 2004) (quoting *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 759 n. 6 (3d Cir. 1982)). In *Poulis*, the Third Circuit explained that the "most direct and therefore preferable sanction for the pattern of [ ] delay such as that which the district court encountered in this case would be to impose the excess costs caused by such conduct[.]" *Id.* at 869.

In the instant case, Judge Day already warned Defendant Shirah that failure to participate in the Court's scheduled conferences would result in MicroBilt being granted leave to file a default motion. Nonetheless, despite such warnings that potentially dispositive sanctions could be awarded, Defendant Shirah did not appear for the settlement conference on October 12, 2023 and has not responded to MicroBilt's Motion for Default Judgment. As noted above, to the Court's knowledge, Defendant Shirah has had only one communication with the Court in almost two (2) years. Accordingly, it appears that warnings were not an effective sanction.

Nor does the Court find that preclusion of defenses would be an effective alternative given that Defendant Shirah has already had the opportunity to assert numerous defenses in this action, none of which have been successful. Moreover, given Defendant Shirah's failure to pay his former counsel and his representations regarding his inability to pay a settlement, the Court finds that a monetary sanction would not be effective to deter future dilatory conduct or move this case to a resolution. *See Service Experts LLC, v. Ken Baxter & Service Champions LLC*, No. 21-18281, 2024 WL 1526117, at *5 (D.N.J. Apr. 8, 2024) (finding defendant's *pro se* status, and his representations about his inability to work, counseled that a monetary sanction would not be an effective alternative). Having considered other sanctions, the Court finds that default judgment on liability would indeed be a "sanction of last, not first resort." *Poulis*, 747 F.2d at 869.

### 6.  Meritoriousness of the Claims and Defenses

Turning to the final *Poulis* factor, as the Court addressed above, the Court has denied Defendant's Shirah's Motion to Dismiss under Rules 12(b)(2), 12(b)(6), and 9(b) and Motion for Summary Judgment as to MicroBilt's fraud claim, "defeating any concerns that [MicroBilt's] claims are meritless." (ECF No. 81 at 7.) Thus, MicroBilt has established a legitimate cause of action for fraudulent misrepresentation, and no meritorious defense appears open to Defendant Shirah.

The Court concludes that, on balance, the *Poulis* factors counsel in favor of default judgment in this case. While the Court recognizes that default is an extreme sanction, the Court finds such a sanction appropriate here.

## C. DAMAGES

Finding default judgment warranted, the Court turns to the issue of damages. As noted above, while the factual allegations of a complaint are taken as true on a motion for default judgment, a plaintiff must prove the amount of damages with certainty. *Comdyne I, Inc.*, 908 F.2d at 1149; *see also Salins*, 2023 WL 7386844, at *8.  In order to determine whether a plaintiff has sufficiently proven damages, Rule 55(b) permits the Court to "conduct such hearings or order such references as it deems necessary and proper." *Id.* (quoting Fed. R. Civ. P. 55(b)(2)). However, the Court is not required to conduct such hearings "as long as it ensures that there is a basis for the damages specified in the default judgment," *Trucking Emps. of North Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer, Inc.*, No. 08-2782, 2009 WL 3584358, at *3 (D.N.J. Oct. 27, 2009) (citation and quotation marks omitted), such as when "detailed affidavits and documentary evidence" have been submitted to support the plaintiff's claim for damages, *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2–3 (D.N.J. July 17, 2013) (citation omitted); *see also Comdyne*, 908 F.2d 1142 at 1149 (citation omitted) (If the damages sought at default judgment are not for a "sum certain or for a sum which can by computation be made certain, the court may conduct such hearings or order such references as it deems necessary and proper.").

MicroBilt has not supported the instant motion with detailed affidavits or documentary evidence that would allow the Court to determine a sum certain with respect to damages in this case. Rather, MicroBilt requests default judgment be entered "in an amount to be submitted to the Court or at a hearing on this matter, but including MicroBilt's compensatory damages and attorneys' fees and costs incurred in bringing this case against Mr. Shirah." (ECF No. 99 at 10; *see*

19

*also* ECF No. 99-2 (proposing that the Court set a hearing to determine the amount of damages, fees, and costs to be awarded).) Accordingly, MicroBilt shall submit to the Court additional evidence in support of its requested damages as to Defendant Shirah. If necessary, the Court will conduct a hearing on the issue of damages.

## **CONCLUSION**

For the reasons set forth above, MicroBilt's Motion for Default Judgment, (ECF No. 99), is **GRANTED**, and the Court enters default judgment against Defendant Shirah. MicroBilt shall subsequently submit to the Court its requested damages and supporting evidence by June 4, 2024. An appropriate Order accompanies this Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: May 21, 2024