CLERK, UNITED STATES DISTRICT COURT
402 E. STATE ST., ROOM 2020
TRENTON, NJ 08608

OFFICIAL BUSINESS

RECEIVED
AUG 0 5 2025
AT 8:30_____M
CLERK, U.S. DISTRICT COURT - D.N.J.

UNC

CERTIFIED MAIL

7020 0090 0002 2609 1451

quadient
PRIORITY MAIL
IMI
$010.65
06/17/2025 ZIP 08608
043M31257673
US POSTAGE

Thomas Brian Shirah    UNC
31 Eller Ford Rd.
Weaverille, NC 28787-8578

NAME _____
1ST NOTICE 6/21
2ND NOTICE 6/26
RETURN 7/6



NIXIE    296    DE 1    0007/21/25
RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

**Other Orders/Judgments**
3:19-cv-00637-RK-JBD MICROBILT CORPORATION v. BAIL INTEGRITY SOLUTIONS, INC. et al

RULE16,SCHEDO

**RECEIVED**

**U.S. District Court**

**District of New Jersey [LIVE]**

AUG 0 5 2025

AT 8:30_____ _M
CLERK, U.S. DISTRICT COURT - DNJ

**Notice of Electronic Filing**

The following transaction was entered on 6/16/2025 at 4:34 PM EDT and filed on 6/16/2025
**Case Name:** MICROBILT CORPORATION v. BAIL INTEGRITY SOLUTIONS, INC. et al
**Case Number:** 3:19-cv-00637-RK-JBD
**Filer:**
**Document Number:** 122

**Docket Text:**
**ORDER Appointing Special Master. DENNIS M. CAVANAUGH appointed. Signed by Judge Robert Kirsch on 6/16/2025. (amv,n.m.)**


**3:19-cv-00637-RK-JBD Notice has been electronically mailed to:**

DENNIS M. CAVANAUGH    dcavanaugh@mdmc-law.com, jskowronski@mdmc-law.com

ELLIOT D. OSTROVE    e.ostrove@epsteinostrove.com

ELLIOT DAVID OSTROVE    E.ostrove@epsteinostrove.com, a.quesnel@epsteinostrove.com, commlit@epsteinostrove.com

VAHBIZ P. KARANJIA    V.KARANJIA@EPSTEINOSTROVE.COM

**3:19-cv-00637-RK-JBD Notice has been sent by regular U.S. Mail:**

THOMAS BRIAN SHIRAH
31 ELLER FORD ROAD
WEAVERILLE, NC 28787-9579

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=6/16/2025] [FileNumber=19619307-
0] [5e451ff3f1827329b64e400e25894efcb61179e0fb5688f4944c14115743596f46
fb8780b7c4dce6b2d9acb2a8a101c1a6b920f0209bc81200087f4affeba399]]

6/16/2025, 4:34 PM

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICROBILT CORPORATION,

    Plaintiff,

v.

BAIL INTEGRITY SOLUTIONS, INC., *et al.*,

    Defendants.

Civil Action No. 19-637 (RK) (JBD)

**ORDER APPOINTING SPECIAL MASTER**

**THIS MATTER** comes before the Court pursuant to Federal Rule of Civil Procedure ("Rule") 53 following Plaintiff Microbilt Corporation's ("Plaintiff") request for the appointment of a Special Master.[1] (ECF No. 120.) Following the entry of default judgment against Defendants Bail Integrity Solutions, Inc. and Thomas Brian Shirah (together, "Defendants") (*see* ECF Nos. 81–82, 103–104), the issue of computing Plaintiff's damages has now come before the Court. Given the complexity of the calculations required to determine damages in this matter,[2] the Court has concluded that the appointment of a Special Master is appropriate because it will address posttrial matters "that cannot be effectively and timely addressed by an available district judge or magistrate judge." Fed. R. Civ. P. 53(a)(1)(C). The Court has also considered the "fairness of imposing the likely expenses on the parties" and the need to "protect against unreasonable expense or delay" under Rule 53(a)(3).

---

[1] Defendants, who have had default judgment entered against them, have not objected to Plaintiff's request for a Special Master.

[2] As Plaintiff indicates in its letter to the Court, the computation of damages in this matter "presents the need for the court to make computations regarding the destruction of a business line of Plaintiff's and lost profits flowing from that, among other things." (ECF No. 120.)

1

Plaintiff requests the appointment of retired United States District Judge Dennis M. Cavanaugh to serve as the Special Master (ECF No. 120). On June 16, 2025, retired United States District Judge Dennis M. Cavanaugh filed a Declaration under 28 U.S.C. § 455 and Rule 53(a)(2) (*see* Declaration of Dennis M. Cavanaugh, ECF No. 121).[3]

For the reasons set forth above and for other good cause shown,

**IT IS** on this 16th day of June, 2025, **ORDERED:**

1. Dennis M. Cavanaugh is appointed under Rule 53 as a Special Master to proceed with all reasonable diligence to oversee the computation of Plaintiff's damages following the entry of default judgment against all Defendants.

2. The Special Master shall have the rights, powers, and duties provided in Rule 53, and may adopt such procedures as are not inconsistent with that rule or with this or other Orders of the Court.

3. The Special Master shall, within his authority under this Order and Rule 53, prepare and file on the docket a written Report and Recommendation, no later than 60 days after the completion of briefing and any hearing held thereon, regarding the proper computation of Plaintiff's total damages, including potential costs, attorney's fees, and pre- and post-judgment interest.

4. Plaintiff or the Defendants (each a "party" and together the "parties") may file with the Court, within fourteen (14) days of the filing of a Report and Recommendation, an objection to the Report and Recommendation, setting forth the basis for such objection. Any party opposing such objection shall file a response thereto within fourteen (14) days of the filing of the objection. The failure to file a timely objection

---

[3] If any party becomes aware of any apparent, potential, or actual conflict of interest, they shall immediately notify the Court and Special Master.

shall constitute a waiver of any objection. The party filing the objection shall submit with such objection any record necessary for the Court to review the Special Master's Report and Recommendation, including, if necessary, any transcript of proceedings before the Special Master and any documents submitted by the parties in connection with the proceedings.

5. Pursuant to Rule 53(f)(3), the Special Master's findings of fact will be reviewed de novo. Pursuant to Rule 53(f)(4), the Special Master's rulings on questions of law will be reviewed de novo. Rulings on procedural matters will be reviewed for abuse of discretion pursuant to Rule 53(f)(5).

6. The Special Master may have access to trade secrets, proprietary information and other confidential information in this action including, but not limited to, information which may be subject to a protective order. The Special Master shall be bound by the terms of any protective order.

7. All proceedings before the Special Master shall be recorded and/or transcribed. Given the procedural posture of this case, it shall be the responsibility of Plaintiff to provide the court reporter. The costs of the court reporter and transcript shall also be covered by Plaintiff. It shall be the responsibility of Plaintiff to arrange for the attendance of, and to promptly pay, the court reporter. It also shall be the responsibility of Plaintiff to arrange for any transcript to be sent to the Special Master, in electronic and hard copy.

8. The Special Master, in his discretion, may utilize the services of a law associate or other staff. Within seven (7) days of this Order, the Special Master shall submit to Plaintiff a proposed compensation schedule, which shall include fee and/or rate

information, any retainer, and expense reimbursement guidelines. In the event of any disagreement by Plaintiff as to the appropriateness of either compensation schedule, Plaintiff shall submit a letter to the Court setting forth their position on the proposed compensation schedule, and the Court shall issue an Order setting forth the compensation schedule.

9. The compensation for the Special Master and any law associate or other staff shall be paid for by Plaintiff, and shall be the responsibility of Plaintiff, and not the law firm representing it. The costs of the Special Master shall include the fees for his and the law associate's time spent on the case and reasonable expenses incurred in connection with this assignment. The Special Master shall issue bills on a monthly basis. Plaintiff shall make payment to the Special Master in full within forty-five days of receipt of the bill. The costs associated with the services of the Special Masters *shall not* be considered taxable under 28 U.S.C. § 1920(4).

10. In accordance with Rule 53(a)(3), the Court will protect against unreasonable expense by implementing the following procedure:
    a. Each month the Special Master will file with the Court and serve on the parties a record of activities and expenses incurred in connection with these matters; and
    b. The Court will monitor the Special Master's monthly reports for reasonableness in light of burden and expense to Plaintiff.

11. The Special Master shall preserve all of his rulings and any memoranda of oral rulings, until these cases are resolved, including any actual or potential appeals. It is the responsibility of the parties to preserve all briefs, memoranda, exhibits, and

4

transcripts, and to submit them to the Court if necessary. Specifically, if any party files an objection to a ruling by the Special Master with this Court, it shall be that party's responsibility to file any pertinent transcript, exhibit, or otherwise.

12. Given Defendants' absence from this case, the Special Master is permitted to have *ex parte* communications with either Plaintiff, their counsel, or Defendants, should they appear, regarding the issues pending before the Special Master.

13. The Special Master shall exercise all reasonable diligence in performing these duties and shall take all appropriate measures to perform his assigned duties fairly and efficiently.

14. The Court may modify this Order, in whole or part, on notice to the parties, at any time.

15. The Clerk shall mail a copy of this Order to the Special Master and to counsel for the Plaintiff, as well as Defendants at their address on record via certified mail.

 

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

5