## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICROBILT CORPORATION,

    Plaintiff,

        v.

BAIL INTEGRITY SOLUTIONS, INC. et al.,

    Defendants.

Civil Action No. 19-637 (RK) (JBD)

**ORDER & JUDGMENT**

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon the Reports and Recommendations ("R&Rs") of Special Master the Honorable Dennis M. Cavanaugh, U.S.D.J. (ret), (ECF Nos. 124, 125), pursuant to the Court's appointment of Judge Cavanaugh as Special Master in this matter for the purpose of determining Plaintiff Microbilt Corporation's ("Plaintiff") damages following the entry of default judgments against Defendants Bail Integrity Solutions, Inc. and Thomas Brian Shirah (together, "Defendants"), (ECF No. 122 (citing Fed. R. Civ. P. 53)). As provided in the Order Appointing Special Master, (*id.* ¶ 4), and as reiterated in the Court's May 29, 2026 Text Order, (ECF No. 126), any party wishing to make an objection to either R&R was required to do so within fourteen (14) days of the filing of the same. *See also* Fed. R. Civ. P. 53(f)(2). The parties were specifically advised that "[t]he failure to file a timely objection shall constitute a waiver of any objection." (ECF No. 122 ¶ 4.) No objections have been filed. Having carefully considered the R&Rs under the applicable law, in the absence of any objections thereto, and for good cause shown,

    **IT IS** on this 16th day of June, 2026, **ORDERED** that:

1. The Special Master's unopposed Reports and Recommendations, (ECF Nos. 124, 125), are hereby **ADOPTED** in full as the opinion of the Court;

1

2.  **JUDGMENT IS ENTERED** in favor of Plaintiff and against Defendants as follows:

   a.  Plaintiff is **AWARDED** compensatory damages totaling $10,181,886.46;[1]

   b.  Plaintiff is **AWARDED** pre-judgment interest through January 1, 2026 in the amount of $2,813,687.61;

   c.  Plaintiff is **AWARDED** post-judgment interest against Defendant Bail Integrity Solutions, Inc. at a daily rate of $867.55 with an annual interest of $316,656.67;

   d.  Plaintiff is **AWARDED** post-judgment interest against Defendant Thomas Brian Shirah at a daily rate of $1,433.83 with an annual interest of $523,348.96;

3.  The Clerk of the Court is directed to **CLOSE** this matter.[2]

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court **ADOPTS** in full the Special Master's findings and conclusions as to each category of compensatory damages, set forth in detail in the corresponding R&R. (ECF No. 125 at 4, 16–17 (recommending compensatory damages as follows: $119,308.08 in product development costs; $215,706.20 in software development costs; $43,141.24 in equipment/technology infrastructure costs associated with software development; $532,683.80 in "costs associated with time that Plaintiff's management employees and consultants devoted to working on [the subject Mobile Device Verification service]"; $109,500.00 in "payment by Plaintiff to its principal supplier, Zumigo"; $41,547.14 in legal fees to defendant government regulatory inquiries; $2,736,000.00 in projected lost revenue; and $6,384,000.00 in lost company valuation).) The compensatory damages amount awarded hereinabove—$10,181,886.46— is the total of each such category, by the Court's calculation.

[2] Plaintiff asked the Special Master to make specific findings regarding Defendants' fraudulent conduct and intent "in order to prevent [Plaintiff's] judgment from being discharged in any future bankruptcy pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6)." (ECF No. 125 at 6.) Judge Cavanaugh declined to do so, reasoning that Plaintiff "ha[d] not provided any factual or legal support for the proposition that the Special Master has the authority to make the findings it requests." (*Id.* at 16; *see* ECF No. 122 (Order Appointing Special Master for the purpose of determining Plaintiff's damages).)

In light of Plaintiff's request, the Court reiterates the findings set forth in its prior decisions granting default judgment as to, *inter alia*, Plaintiff's fraudulent misrepresentation claim against Defendants. (ECF Nos. 81, 82, 103, 104.) That is, Plaintiff's well-pleaded Complaint allegations, which are deemed admitted on default, sufficiently establish Defendants' liability for fraudulent misrepresentation as a matter of law. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1146, 1149 (3d Cir. 1990). As such, the Court previously found that Defendants made material misrepresentations to Plaintiff with knowledge or belief of the falsity thereof and with the intention that Plaintiff rely thereupon; Plaintiff reasonably relied thereupon; and Plaintiff sustained damages as a result. *City of Atl. City v. Zemurray St. Cap., LLC*, No. 14-5169, 2017 WL 6638203, at *18 (D.N.J. Dec. 29, 2017) (citing *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 526 (D.N.J. 2008)).